Robert T. BRIM, a/k/a Robert T. Mertz, Petitioner and Appellant,

v.

The STATE of South Dakota, Appellee.

No. 12846.

Supreme Court of South Dakota.

Submitted on Briefs Feb. 21, 1980.

Decided April 9, 1980.

David A. Gerdes, May, Adam, Gerdes & Thompson, Pierre, for petitioner and appellant.

Douglas E. Kludt, Stanley County Deputy State's Atty., Fort Pierre, for appellee.

FOSHEIM, Justice.

This is an appeal from the denial of appellant's petition for post-conviction relief under SDCL 23-52. We affirm.

Petitioner was tried for murder in Gettysburg, South Dakota, upon a change of venue from Stanley County. He was convicted by a jury of first-degree manslaughter and was sentenced to a term of life in the South Dakota Penitentiary.

The assignments of error claim that (1) the trial court's decision was unsupported by the evidence and (2) petitioner was denied the effective assistance of counsel guaranteed by the Sixth Amendment to the United States Constitution because of the failure of court and counsel to advise him of his right to appeal. The question thus directly presented is not whether appellant's constitutional rights were violated for failure to advise him of his right to appeal; rather, the issue is whether the evidence

supports the finding of the trial court that appellant was so apprised.

The court reporter who covered the trial in 1958 testified that some of her notes from the trial had been damaged because of water pipes breaking during their twenty years of storage but that a review of her legible notes did not reveal that petitioner was ever advised of his right to appeal in open court.

A sworn statement from the attorney who represented petitioner at the time of arraignment and trial was also admitted at the post-conviction hearing to establish that petitioner was fully advised of his constitutional rights. That evidence was properly received. A post-conviction hearing is not restricted to the record of the arraignment and trial itself. *Lodermeier v. State,* 273 N.W.2d 163 (S.D.1978); *Crew v. Nelson,* 88 S.D. 162, 216 N.W.2d 565 (1974); and *Merrill v. State,* 87 S.D. 285, 206 N.W.2d 828 (1973).

Petitioner's trial attorney testified that it was his practice to advise all of his clients who were charged with criminal offenses of their constitutional rights including the right to appellate review and that because the petitioner was charged with the serious crime of murder, he believes he exercised exceptional care in advising him of all such rights. His former counsel further stated that it is his belief the trial judge also advised petitioner of his statutory and constitutional rights, including the right to appellate review.

Attorneys, as officers of the court, are presumed to do their duty as the law requires. Mere assertions or denials to the contrary by the accused do not entitle him to relief unless found to be true upon adequate proof, and the burden of establishing a basis for relief in a post-conviction proceeding rests on the petitioner. *State v.*

*Roth,* 84 S.D. 44, 166 N.W.2d 564 (1969); *State v. Riley,* 183 Neb. 616, 163 N.W.2d 104 (1968). The familiar rule is applicable that this court may disturb a trial court's findings of fact only if the evidence preponderates against them. *In Re Estate of Shabley,* 85 S.D. 692, 189 N.W.2d 460 (1971); *Dolan v. Hudson,* 83 S.D. 144, 156 N.W.2d 78 (1968); *LaFleur v. Odom,* 83 S.D. 52, 154 N.W.2d 212 (1967); *In Re Blake's Estate,* 81 S.D. 391, 136 N.W.2d 242 (1965). The finding of the trial court must stand if there is substantial evidence to support it. *Engberg v. Ford Motor Co.,* 87 S.D. 196, 205 N.W.2d 104 (1973); *Vander Vorste v. Northwestern National Bank,* 81 S.D. 566, 138 N.W.2d 411 (1965).

Furthermore, when the sufficiency of the evidence to sustain findings is challenged on appeal, we must view the record in the light most favorable to the prevailing party and all conflicts in the evidence must be resolved in his favor. *Connelly v. Sherwood,* 268 N.W.2d 140 (S.D.1978); *In Re Metz' Estate,* 78 S.D. 212, 100 N.W.2d 393 (1960).

We conclude there is competent and substantial evidence to support the finding of the trial court that appellant was advised of his right to appeal. Because he has not met the burden of establishing that the evidence preponderates against such finding, his claim of ineffective assistance of counsel must fail.

The judgment appealed from is affirmed.

All the Justices concur.