## 21447

Johnnie McELRATH, Appellant. v. STATE of South Carolina, (277 S. E. (2d) 890)

*Staff Atty. David W. Carpenter, of S. C. Commission of Appellate Defense,* Columbia, *for appellant.*

*Atty. Gen. Daniel R. McLeod* and *Asst. Atty. Gen. William K. Moore,* Columbia, *for respondent.*

May 12, 1981.

GREGORY, Justice:

This appeal is from the denial of an application for post conviction relief. We affirm.

In 1959 appellant Johnnie McElrath was found guilty of escape, robbery and larceny during the fall term of the Court of General Sessions for Sumter County. He was sentenced

to a one year period of confinement for the robbery and larceny offenses and a concurrent term of nine months for escape. Appellant now seeks relief from these convictions on the ground he was an indigent not represented by counsel. See *Pickelsimer v. Wainwright,* 375 U. S. 2, 84 S. Ct. 80, 11 L. Ed. (2d) 41 (1963), applying the appointed counsel requirement of *Gideon v. Wainwright,* 372 U. S. 335, 83 S. Ct. 792, 9 L. Ed. (2d) 799 (1963) retroactively.

The instant application was filed by appellant some seventeen years after his sentences on the challenged convictions had run, and while serving a four-year term for an unrelated crime.

We concur with the trial judge's finding that laches bars appellant's claim for collateral relief from a conviction and sentence now more than twenty years old. In the absence of some explanation or justification for delay in seeking post conviction relief as in this case, the federal courts have held delays of seventeen years, *Johnson v. Riddle,* 562 F. (2d) 312 (4th Cir. 1977), and fifteen years, *Honeycutt v. Ward,* 612 F. (2d) 36 (2nd Cir. 1979), are sufficient time bars. Reasonable diligence in processing claims for relief is not an unjust, or unconstitutional, requirement in cases of this sort. The court in *Honeycutt v. Ward, ibid* at 42, imposed it thusly:

"While it is important that one convicted of crime in violation of constitutional principles should be accorded relief, it is also important that reasonable diligence be required in order that litigation may one day be at an end. Rule 9 (a) (of the federal habeas corpus act) guards the state's legitimate expectation that it will not be called upon without due cause, to defend the integrity of convictions that occurred many years ago, where records and witnesses are no longer available."

The trial judge also found appellant lacked standing to bring this action in the absence of incarceration or direct

threat of incarceration, citing *Finklea v. State,* 273 S. C. 157, 255 S. E. (2d) 447 (1979).

In *McDuffie v. State,* S. C., 277 S. E. (2d) 595 (1981), we held that where an applicant for post conviction relief alleges in his application that the results of his prior conviction still persist, even though the sentence has been fully served, he is entitled to an evidentiary hearing to determine whether or not he has been prejudiced.

Here, appellant does not contend he is prejudiced by or still suffers from the results of the 1959 conviction and sentence. At the evidentiary hearing appellant's counsel stated to the Court: "We're going strictly on the allegation of unrepresented by counsel." Furthermore, the record shows the prior conviction is not listed on appellant's rap sheet, and it is not mentioned in the transcript of his latest conviction and sentence.

Absent an acceptable allegation of reasonable diligence or justification by appellant to explain away this lengthy delay, the trial judge was correct in dismissing the application.

Affirmed.

LEWIS, C. J., and LITTLEJOHN, NESS and HARWELL, JJ., concur.