21772

James Richard BRAZELL, Appellant, v. STATE of South Carolina, Respondent.
(294 S. E. (2d) 343)

*Appellate Defender John L. Sweeny* and *Asst. Appellate Defender, Kathy D. Lindsay,* both of *S. C. Com'n of Appellate Defense,* Columbia, *for appellant.*

*Atty. Gen. Daniel R. McLeod* and *Asst. Atty. Gen. William K. Moore,* Columbia, *for respondent.*

Aug. 9, 1982.

*Per Curiam:*

This appeal is from the dismissal of appellant's application for post-conviction relief. We reverse and remand for an evidentiary hearing.

In October 1975 appellant was convicted of aggravated assault and battery and breaking into a motor vehicle. He was sentenced to six years' imprisonment. Less than three months later, appellant escaped from custody and remained at large for nearly five years. In February, 1981, several months following his return to custody, appellant filed an application for post-conviction relief alleging ineffective assistance of counsel.

At the time of the hearing before the lower court, appellant's trial counsel was hospitalized as a result of major surgery. The lower court dismissed the application without receiving testimony on appellant's claim of ineffective assistance of counsel after finding the claim for relief barred by the doctrine of laches.

This Court recently held that the doctrine of laches barred an application for post-conviction relief filed some twenty years after conviction and sentence, in the absence of reasonable diligence in processing the claim or acceptable justification for the delay. *McElrath v. State.* 276 S. C. 282, 277 S. E. (2d) 890 (1981). We agree with the lower court that appellant's escape from custody is no justification for his delay in filing the application for post conviction relief.

We disagree, however, that the State has shown prejudice by the five and one-half year delay. Appellant's trial counsel was unavailable at the time of the hearing before the lower court, but the record contains no evidence that trial counsel would have been unable to testify at a later hearing had the matter been continued for a reasonable time.

Appellant's allegations of ineffective assistance of counsel

raise issues of fact which can only be resolved by a hearing in the lower court. *Delaney V. State*, 269 S. C. 555, 238 S. E. (2d) 679 (1977). Accordingly, we reverse the order which dismissed the application and remand the case for an evidentiary hearing.