Michael Lee McKNIGHT, Appellee,

v.

STATE of Iowa, Appellant.

No. 83–1184.

Supreme Court of Iowa.

Oct. 17, 1984.

Thomas J. Miller, Atty. Gen., Joseph P. Weeg, Asst. Atty. Gen., and Dan L. Johnston, County Atty., for appellant.

Danny C. Wilmoth of Isaac & Wilmoth Law Firm, Des Moines, for appellee.

Considered by REYNOLDSON, C.J., and McCORMICK, McGIVERIN, CARTER and WOLLE, JJ.

WOLLE, Justice.

In this postconviction action, the State contends that the postconviction court should not have set aside applicant's conviction based on the State's inability to locate the original records of the guilty plea proceedings. We conclude that the State had a right to reconstruct the lost record under the circumstances of this case. We also find that the State satisfied its obligation to reconstruct the record by presenting testimony about what had occurred during the proceedings challenged by the applicant. We therefore reverse and remand.

On March 2, 1973, applicant Michael Lee McKnight pleaded guilty to one count of robbery with aggravation. Iowa Code §§ 711.1, .2 (1973). He was convicted and sentenced to a term of twenty-five years. Nearly ten years later, McKnight applied for postconviction relief, alleging as constitutional infirmities in the plea both ineffective assistance of counsel and failure of the court to establish a factual basis for the plea. Prior to a hearing on these issues, McKnight's counsel discovered that the court reporter's notes of the guilty plea proceedings were lost. McKnight then filed an application to vacate his conviction on the ground that the State had failed to provide a record of the challenged plea proceedings, as required by Iowa Code section 663A.6 (1983), and that this oversight prevented applicant from sustaining his burden of proof.

The postconviction court held that the State had failed to meet its statutory burden of providing a record for review. Further, it concluded that the testimony of trial counsel alone, without independent corroborative facts, would not suffice to replace a transcript of the original proceedings. On those grounds alone, the court vacated the conviction and allowed McKnight to enter a new plea.

■ In its double-barreled attack on the court's decision, the State contends that reconstruction of a lost transcript is appropriate and also that an adequate record of the challenged proceedings was made in this case. We address these two issues separately. Because neither party contends that these two issues are of constitutional magnitude, our review is on errors of law. *See Wenman v. State*, 327 N.W.2d 216, 217 (Iowa 1982); *Hahn v. State*, 306 N.W.2d 764, 768 (Iowa 1981).

I. *Appropriateness of Reconstruction.*

■ The Iowa rule with regard to the furnishing of a record in postconviction

proceedings is set forth in Iowa Code section 663A.6:

If the application is not accompanied by the record of the proceedings challenged therein, the respondent shall file with its answer the record or portions thereof that are material to the questions raised in the application.

As the postconviction court correctly pointed out, this language places the burden on the State to preserve and furnish to a defendant a transcript of criminal proceedings for later review. However, neither Iowa Code section 663A.6 nor any other Iowa statute answers the question whether the State may substitute other proof of what occurred at a criminal trial or other proceedings when the transcript has inadvertently been lost or destroyed.

The official shorthand reporter at McKnight's plea proceedings filed an affidavit stating that his notes were stored in a box in the basement of the Polk County Courthouse, but that "the shorthand notes of all reporters have been moved at least twice to various locations in said basement." He further stated that he had not been able to find the notes of McKnight's proceedings even after a diligent search. In addition, McKnight's own counsel filed an affidavit asserting that he had searched for but was unable to locate the transcript.

■ Given the State's inability to furnish McKnight and the postconviction court with a transcript of the challenged plea proceedings, the first question, one of first impression in this State, is whether the postconviction court should have permitted the State to reconstruct the missing record. Cases from other jurisdictions as well as significant policy considerations lead us to answer yes to this question.

The United States Supreme Court has suggested that resolution of this issue may turn on the reason for the absence of the transcript. In *Norvell v. Illinois*, 373 U.S. 420, 83 S.Ct. 1366, 10 L.Ed.2d 456, (1963), the Court held that the state was not obligated to furnish a transcript to an indigent seeking postconviction relief when the

court reporter had died and no one could read the writing. The court explained:

When, through no fault of the State, transcripts of criminal trials are no longer available because of the death of the court reporter, some practical accommodation must be made.

373 U.S. at 424, 83 S.Ct. at 1368–69, 10 L.Ed.2d at 459. Courts in most jurisdictions agree that reconstruction of a transcript or other parts of the record should be allowed where the State has not been guilty of wrongful conduct or bad faith in connection with loss of the original records. *See Moore v. Swenson*, 487 F.2d 1020, 1021 (8th Cir.1973) (allowing reconstruction where reporter died before he could type the transcript and no other reporter could be found who could read his notes); *Meller v. Missouri*, 431 F.2d 120, 123–124 (8th Cir.1970) (allowing state to reconstruct the record where the official court reporter at the challenged guilty plea proceedings could not find notes taken 15 years earlier); *Joe v. State*, 565 P.2d 508, 512–13 (Alaska 1977) (allowing reconstruction where plea proceedings were not electronically recorded and the only record consisted of two pages of skeletal log notes prepared by the court clerk); *Brim v. State*, 290 N.W.2d 680, 681 (S.D.1980) (allowing reconstruction where the court file was damaged by water). *But cf. Herron v. U.S.*, 512 F.2d 439, 441 (4th Cir.1975) (suggesting that reconstruction not permissible when original records had disappeared; court emphasized need for "strict compliance" with rules requiring permanent record of plea proceeding).

Nothing in the evidence in this case suggests that the State willfully or even negligently destroyed or misplaced the court reporter's notes. The only explanation for their disappearance was the court reporter's statement that the boxes containing the notes and those of other reporters had been moved several times. Consequently, the misfortune which made a reconstructed record necessary in this case is not unlike the events which led courts in the above-cited cases to permit substitute proof of what happened in the criminal proceedings there

challenged. Agreeing with those decisions, we conclude that here the State should have been permitted to reconstruct the record.

Practical considerations, even "rough accommodations" of the type emphasized in *Norvell,* support our conclusion. *See* 373 U.S. at 424, 83 S.Ct. at 1369, 10 L.Ed.2d at 459. The longer the time that has elapsed between plea taking and postconviction petition, the greater will be the potential for inadvertent loss of a court reporter's notes. Here, McKnight waited almost ten years before requesting relief. Other courts too have emphasized this time lapse factor in balancing fairness to the State and fairness to the defendant on the issue of lost transcripts. *See, e.g., Clayton v. Blackburn,* 578 F.2d 117, 120 (5th Cir.1978) (per curiam) (allowing reconstruction because transcript unavailable six years after a guilty plea had been entered); *Brim v. State,* 290 N.W.2d at 681 (allowing reconstruction where court reporter's notes had been damaged by water pipe leakage during almost twenty years of storage).

To grant new trials in all cases where original records cannot be found, regardless of the period of delay or the reason for the disappearance, would constitute an excessive waste of judicial resources. The Alaska Supreme Court aptly pointed out in *Joe v. State,* that unless it permitted reconstruction of a plea proceeding, the continuing validity of every conviction resting upon a plea might depend on grounds irrelevant to the propriety or fairness of the proceedings, such as a major courthouse fire or the whims of nature. 565 P.2d at 513.

We therefore hold that, when the State shows that the original records of a criminal proceeding cannot be produced notwithstanding its good faith effort to make and preserve those records, a postconviction court should allow the State to offer substitute proof of what occurred in those proceedings.

McKnight relies on the seminal cases of *Boykin v. Alabama,* 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), and *State v.*

*Sisco,* 169 N.W.2d 542 (Iowa 1969), to support his contention that his right to a transcript in postconviction proceedings is absolute. Both cases did establish important standards for the record required to be made during plea proceedings; both held that the court accepting a guilty plea must make a record adequate to show that the plea was truly counseled and voluntary. *Boykin v. Alabama,* 395 U.S. at 242–44, 89 S.Ct. at 1712, 23 L.Ed.2d at 280 (Record must be "adequate for any review that may be later sought."); *State v. Sisco,* 169 N.W.2d at 549–50 (record "should be made and preserved"). The teaching of those cases is that a silent record alone will not support a guilty plea. *See Meller v. Missouri,* 431 F.2d at 123 (dictum). Here, however, the issue is not whether an adequate record was made and initially preserved when McKnight pleaded guilty. The question here is whether such a record, once made and then inadvertently lost, may be reconstructed. Like the courts whose decisions are cited above, we hold that reconstruction of the original record is permissible under circumstances like those here.

Similarly, McKnight's reliance on *Allen v. State,* 217 N.W.2d 528 (Iowa 1974), is misplaced. In that case, the State gave no reason for its failure to provide a record of the challenged plea proceedings; neither did it show that a transcript was unavailable. Nevertheless, the State there argued that petitioner had not proved he was inadequately informed about the consequences of his guilty plea. *Id.* at 530. We held that the applicant could not be denied relief when the State's failure to furnish an available record created the shortcomings in his evidence. *Id. Allen,* like *Boykin* and *Sisco,* is not controlling here because there was no lost or unavailable transcript of the plea proceedings, thus no need to address the issue now squarely before us.

The postconviction court erred in holding that the State would not be permitted to reconstruct a record of the guilty plea proceedings.

## II. *Adequacy of Reconstruction.*

■ The second issue we address is whether the evidence furnished by the State as a substitute for the original record was adequate. The State sought to reconstruct the record by calling as a witness the attorney who had represented McKnight in connection with the 1973 plea proceedings. On direct and cross examination that attorney touched upon each of McKnight's pleaded claims of constitutional infirmity. Although the attorney's memory of the plea proceedings was somewhat hazy on certain matters, his testimony did tend to rebut each and all of McKnight's pleaded claims.

The postconviction court refused to accept that testimony in lieu of a reporter's transcript. Rather than looking to the credible testimony in the reconstructed record to decide the merits of McKnight's application, the postconviction court declined to rule on the constitutionality of the plea proceedings. It stated:

> Whether or not in March 1973 McKnight was advised of his Sisco rights, entered his plea of guilty with a knowing and intelligent understanding of the consequences of his plea, and gave the court a sufficient factual account of the crime upon which the court could accept the plea, is lost forever with the lost reporter's notes.

The court subsequently explained:

> [T]he court does not reach the issue of ineffective assistance of counsel, based upon the above findings, but notes that the testimony of this proceeding would not appear to substantiate such a claim; but, again there is no record of the prior proceedings upon which a factual determination of this issue could logically be made.

We conclude that the court erred not only in holding that a substitute record could not be presented but also in finding the testimony of McKnight's attorney inadequate for that purpose. Neither the postconviction court nor McKnight have cited authorities requiring either corroboration of counsel's testimony or any other evidence of greater quantity or quality than that here presented. The State, on the other hand, has cited several cases in which testimony similar to that presented here by the State was deemed adequate. *See Clayton v. Blackburn,* 578 F.2d at 119–20 (when court reporter could not find notes, testimony of court reporter and judge who received plea was an adequate substitute); *Joe v. State,* 565 P.2d at 510, 513 (when mechanically recorded record not available, testimony from memory of applicant's former attorneys and trial judge sufficient); *Brim v. State,* 290 N.W.2d at 681 (when court reporter's notes damaged by water, testimony by applicant's trial attorney as to what occurred and practices of court and counsel adequate). We find these authorities persuasive and conclude that the testimony of McKnight's attorney concerning what occurred at the plea proceedings was adequate as a preliminary substitute for the lost record.

We decline to decide the merits of the substantive issues presented by McKnight's application for postconviction relief. Because the postconviction court did not reach the merits of McKnight's claims, we must remand this case for a final determination of the merits, based on consideration of all of the evidence presented both by McKnight and the State. We are mindful that either party may now present additional testimony by other persons who would have knowledge of what took place at the challenged proceedings, including testimony by the prosecuting attorney, the court reporter, the presiding judge, spectators, and McKnight himself.

## III. *Burden of Proof.*

■ As a general rule, an applicant for postconviction relief must bear the burden of proving by a preponderance of the evidence that the plea proceedings were constitutionally infirm or otherwise inadequate to sustain the conviction. *Kelly v. Nix,* 329 N.W.2d 287, 291 (Iowa 1983); *Hahn v. State,* 306 N.W.2d at 769. The effect of the postconviction court's ruling in this case, however, was to free the applicant from any burden to prove facts relevant to

his claims. The conviction was vacated not because McKnight proved facts supporting his claims but solely because the postconviction court would not consider the evidence by which the State attempted to rebut his allegations.

Because we are remanding this case for a new hearing on McKnight's pleaded claims, we also address the parties' questions concerning burden of proof at that hearing. Other appellate courts have not agreed on whether loss of the original records of a plea proceeding should shift the burden of proof. *Compare Clayton v. Blackburn,* 578 F.2d at 120 ("[T]he state's failure after six years to find the petitioner's transcript is not so egregious a breach of duty as to relieve the petitioner of his initial burden of proof.") *with Joe v. State,* 565 P.2d at 513 ("Given the absence of a record ... the burden is upon the state to prove by a preponderance of the evidence that there was substantial compliance with [constitutional plea requirements] by the trial court.").

When the original records are lost, the State should initially be obligated to produce evidence which will provide a picture of what took place during the plea proceedings. Evidence will be deemed sufficient for that purpose if it is material to the issues raised by the applicant and provides factual support for the original judgment of conviction. Here, the State satisfied that obligation. McKnight's attorney testified from memory about all phases of the original plea proceedings. From his testimony the court could have found that each of McKnight's claims was without merit.

■ Once the State has provided that evidence as a substitute for the record otherwise required by Iowa Code section 663A.6, the applicant must sustain the burden to establish by a preponderance of the evidence facts supporting the claims for postconviction relief. The applicant must also show sufficient reason for failing to challenge the alleged errors in the trial court and on direct appeal, and that actual prejudice resulted. *Polly v. State,* 355 N.W.2d 849, 856 (Iowa 1984). The State will of course have the burden to prove any affirmative defenses it relies upon, such as the laches defense it pleaded in this case.

■ In summary, we now recognize a narrow lost-record exception to the statutory requirement that the State provide the court and postconviction applicant with portions of the record material to the pleaded issues. To rely on this exception, the State first must bear the burden of proving that the records cannot be located and produced notwithstanding its good faith effort to make and preserve an accurate record of the original proceedings. Further, the State must produce sufficient evidence of what occurred during the original proceedings to lend factual support to the original judgment of conviction and sentence. A totally silent record on any material issue of fact will not suffice to uphold a challenged conviction. Once the State has satisfied those obligations, however, it may rely upon the lost-record exception to the requirement of Iowa Code section 663A.6. The applicant will have the burden to prove by a preponderance of the evidence facts supporting the pleaded claims for postconviction relief.

Here, the State has satisfactorily demonstrated that the original records were lost under circumstances which trigger this exception. The State offered sufficient threshold evidence of what occurred at the plea proceeding to rebut McKnight's pleaded claims. The postconviction court erred in deciding the case adversely to the State without reaching the merits. We reverse and remand for a new hearing on McKnight's application for postconviction relief.

REVERSED AND REMANDED.