**Kent HALVERSON, Petitioner and Appellant,**

v.

**STATE of South Dakota, Appellee.**

No. 14404.

Supreme Court of South Dakota.

Considered on Briefs May 22, 1984.

Decided Oct. 17, 1984.

Thomas M. Frankman of Willy, Pruitt, Matthews, Farrell, Frankman & Johnson, Sioux Falls, for petitioner and appellant.

Grant E. Gormley, Chief Deputy Atty. Gen., Pierre, for appellee; Mark V. Meierhenry, Atty. Gen., Pierre, on brief.

FOSHEIM, Chief Justice.

Kent Halverson appeals from an order denying post-conviction relief. We affirm.

Halverson wrote two insufficient funds checks to the Grigg's Store in Mitchell, South Dakota, on September 28 and October 1, 1978. He was accordingly charged on October 30, 1978. He appeared with counsel for arraignment on January 23, 1979,[1] at which time he was informed in detail of his rights by the court. He responded that he understood all of his rights. The information was read and the court thoroughly explained the applicable criminal statute. Halverson again indicated that he understood the charges against him. The court then discussed plea negotiations[2] and Halverson stated he understood those negotiations and wished to plead guilty. The court made extensive inquiry into the voluntariness of his plea. Halverson said he was fully informed and that his plea was being voluntarily entered.

To establish a factual basis for the plea, the court asked Halverson to state in his own words what he had done. Halverson admitted writing the checks but denied any intent to defraud. The court refused to accept his guilty plea, had the habitual offender statute read in open court, and informed Halverson a jury trial would commence the following Monday morning. Halverson protested and the court then exhaustively informed him of the statutory requirements for intent under the insufficient funds statute.

The hearing reconvened on January 26, 1979, after the court reviewed the preliminary hearing transcript. Halverson was again meticulously informed of his rights and the requirements for intent under the statute. After a recess, Halverson still maintained he wanted to plead guilty under the bargaining agreement. His plea of guilty was then received and sentence was thereafter imposed.

Five years later, and after serving his two-year sentence, Halverson claimed at a post-conviction relief hearing that he had no intent to defraud when he wrote the checks. He further claimed he so advised his attorney but his attorney would not listen. Halverson now contends that his guilty plea was involuntary, lacked sufficient factual basis, and that he was denied effective assistance of counsel.

■■■ This court will disturb a trial court's findings of fact only if the evidence preponderates against them. The finding of the trial court must stand if there is substantial evidence to support it. *Brim v. State*, 290 N.W.2d 680 (S.D.1980). The order denying post-conviction relief, based on findings of fact and conclusions of law, are dispositive unless clearly erroneous. *Gregory v. State*, 325 N.W.2d 297 (S.D.1982). The post-conviction court specifically found:

I) That the trial court at length advised Petitioner of his rights, the charges against him and the possible consequences of the guilty plea.

II) That Petitioner understood these rights and knowingly, intelligently, and voluntarily waived his rights upon entry of the guilty plea.

III) That the trial court accepted Petitioner's plea, rejected the plea, and finally accepted a second plea after establishing a factual basis for the plea based upon the following:

1) Consultation with counsel for Defendant.

2) Statements by the Petitioner.

3) Statements by Defendant's counsel and the state's attorney.

4) Review of the preliminary hearing transcript.

IV) That Petitioner had very effective counsel, in that counsel secured dismissal of habitual criminal charges as well as several other charges.

1. Halverson's attorney on this appeal did not represent him below.

2. Halverson had been charged with several other counts of insufficient funds and an habitual offender charge was to be filed. If, however, he made restitution totalling $502.81 and pleaded guilty to one charge all other charges would be dropped.

Our review of the record substantiates and supports these findings. We cannot conclude the court below was clearly erroneous in any of its findings.

The judgment is affirmed.

WOLLMAN, MORGAN and HENDERSON, JJ., concur.

DUNN, Retired Justice, concurs.

WUEST, Circuit Judge, acting as Supreme Court Justice, not participating.