**Ronald Wayne BREWER, Appellant,**

v.

**STATE of Iowa, Appellee.**

**No. 88–1329.**

Supreme Court of Iowa.

Oct. 18, 1989.

Raymond E. Rogers, State Appellate Defender, and B. John Burns, Asst. State Appellate Defender, for appellant.

Thomas J. Miller, Atty. Gen., Ann E. Brenden, Asst. Atty. Gen., and E.A. Westfall, County Atty., for appellee.

Considered by LARSON, P.J., and SCHULTZ, CARTER, LAVORATO and ANDREASEN, JJ.

ANDREASEN, Justice.

Ronald Wayne Brewer filed a request for relief in his postconviction relief action. The district court denied the request and dismissed his postconviction action because of laches. The State had not raised this defense in response to the postconviction application or in response to Brewer's request for relief. This case is unique because it presents an issue of first impression that should not arise again under the present postconviction relief statute. We reverse and remand.

Brewer pled guilty to murder in the second degree. In December 1963, following a sentencing hearing, the court sentenced Brewer to a life sentence. Under Iowa law at that time, the court could impose a sentence of ten years to life. Iowa Code § 690.3 (1962). He did not appeal. Brewer filed an application for postconviction relief in April 1983. He alleged that he received ineffective assistance of counsel and that his guilty plea was illegal and involuntary because his attorney entered the plea and the court accepted the plea in his absence.

In *Brewer v. Iowa District Court*, 395 N.W.2d 841 (Iowa 1986), we held that a 1984 amendment, limiting the time in which postconviction relief applications may be filed, did not apply to Brewer's application. On remand, the district court dismissed Brewer's application on the theory of laches.

The district court based its ruling upon the factual allegations contained in Brewer's request for relief. Brewer's request sets out in great detail the unavailability of records, evidence, and witnesses from the 1963 conviction. It also demonstrates the diligent searches made by Brewer's appointed attorneys. No shorthand notes or transcript of the guilty plea proceedings could be located, although a transcript of the sentencing hearing was produced. The district court, acting upon the request filed by Brewer, and without further hearing, concluded that Brewer's unexplained and unreasonable delay in asserting his right clearly prejudiced the State.

On appeal, Brewer asserts that the laches doctrine does not apply to actions brought under the Uniform Postconviction Procedure Act, Iowa Code chapter 663A (1983). He relies upon the wording of the statute, the commissioners' comments to the uniform act, and the interpretation of similar language in the federal habeas corpus act. *See* Iowa Code § 663A.3; Uniform Post–Conviction Procedure Act section 3 comment, 11 U.L.A. 513 (1966); *Heflin v. United States*, 358 U.S. 415, 420, 79 S.Ct. 451, 454, 3 L.Ed.2d 407, 411 (1959) (Stewart, J., concurring).

Brewer also asserts that the district court failed to follow the dismissal procedures, Iowa Code section 663A.6, in that it did not notify him of its intent to dismiss

nor give him an opportunity to respond. The State argues that Brewer requested the summary disposition and that he was not prejudiced by it.

Lastly, Brewer asserts that the State has the burden of preserving and producing the record under *McKnight v. State*, 356 N.W.2d 532 (Iowa 1984). Upon the State's failure to produce or reconstruct the record, he urges his application for postconviction relief should be granted. The State responds that such a default procedure is inconsistent with the applicant's burden of proof in postconviction relief actions.

The equitable doctrine of laches relates to delay in the assertion or prosecution of a claim, working to the disadvantage or prejudice of another. *State v. Peterson*, 347 N.W.2d 398, 404 (Iowa 1984). The doctrine is applied only where it would be inequitable to allow a person making a belated claim to prevail. *Id.* To bar an action by laches, the party asserting that affirmative defense has the burden to establish its essential elements by clear, convincing, and satisfactory evidence. *Id.*

Laches consists of unreasonable delay in asserting rights which causes another undue prejudice. *Henderson v. Millis*, 373 N.W.2d 497, 505 (Iowa 1985). Mere passage of time is not enough to establish laches. *Id.* Each case is governed chiefly by its own circumstances. *Peterson*, 347 N.W.2d at 404.

■ We believe our reference to the availability of the laches defense in an earlier case accurately reflects the law under the Uniform Postconviction Procedure Act as it existed in 1983. *See McKnight v. State*, 356 N.W.2d 532, 537 (Iowa 1984). That is, the State must preserve and furnish to a defendant a transcript of criminal proceedings for later review. *See* Iowa Code § 663A.6; *McKnight*, 356 N.W.2d at 534. If the State shows that the original records of a criminal proceeding cannot be produced notwithstanding its good faith effort to make and to preserve those records, the State may offer substitute proof of what occurred in those proceedings. *McKnight*, 356 N.W.2d at 535. The evidence should provide a picture of what took place during the plea proceedings. *Id.* at 536.

The applicant must then establish by a preponderance of the evidence facts supporting the claims for postconviction relief. *Id.* We believe that substantial delay is a proper factor for consideration in weighing the credibility of evidence and the good faith of the applicant. *See State v. Larson*, 409 N.W.2d 63, 65 (Minn.App.1987); *State v. Standley*, 626 P.2d 248, 250 (Mont. 1981). *See also* R. Clinton, *Rule 9 of the Federal Habeas Corpus Rules: A Case Study on the Need for Reform of the Rules Enabling Acts*, 63 Iowa L.Rev. 15, 33–34 (1977). The applicant must also show sufficient reason for failing to challenge the alleged errors in the original proceedings and actual prejudice as a result of the errors. *McKnight*, 356 N.W.2d at 537.

The State may then seek to prove any affirmative defenses it relies upon, such as the laches defense. *See, e.g., McKnight*, 356 N.W.2d at 537. *See also Twyman v. State*, 459 N.E.2d 705, 711–12 (Ind.1984); *McElrath v. State*, 276 S.C. 282, 283–84, 277 S.E.2d 890, 890–91 (1981). If the State successfully establishes a laches defense, the court may dismiss the application for postconviction relief. If the court finds in favor of the applicant, it shall enter an appropriate order for relief. Iowa Code § 663A.7.

■ We agree with Brewer that the district court failed to follow the dismissal procedure set forth in Iowa Code section 663A.6. The court may dismiss an application on its own initiative only after it indicates to the parties its intentions to dismiss and its reasons for doing so. The court may grant a motion for summary disposition only where the moving party is entitled to judgment as a matter of law. Brewer, not the State, moved for favorable disposition. In addition, the district court dismissed the case not on the grounds presented by Brewer, but on different grounds not raised by the State in its answer or in resistance to Brewer's request. For Brewer to have had an opportunity to resist the laches defense, it was necessary

for the district court to comply with the notice requirements. *See Dodd v. State,* 232 N.W.2d 472, 473–74 (Iowa 1975). *See also Gibbs v. State,* 103 Idaho 758, 760, 653 P.2d 813, 815 (Idaho App.1982) (court required to give notice where dismissal is based on other grounds). For these reasons, the district court's ruling and order is reversed and this cause returned to the district court for further proceedings in conformity with this opinion.

REVERSED AND REMANDED.