Anthony N. CARROLL, Appellant,

v.

STATE of Iowa, Appellee.

No. 89–1007.

Court of Appeals of Iowa.

Dec. 27, 1990.

William A. Lansing, Dyersville, for appellant.

Thomas J. Miller, Atty. Gen., Ann E. Brenden, Asst. Atty. Gen., Fred H. McCaw, Dubuque County Atty., for appellee.

Considered by SCHLEGEL, P.J., and SACKETT, J., and PERKINS, Senior District Judge.*

PERKINS, Senior District Judge.

In 1986 Anthony Carroll was accused of threatening a police officer with a butcher knife. He was charged with the crime of going armed with intent. At his jury trial for that crime, witness Sandy LuGrain testified Carroll was intoxicated at the time of the crime but appeared to know what he was doing.

A jury found Carroll guilty of going armed with intent. After this verdict was rendered, but before the entry of judgment, witness LuGrain gave a statement recanting her opinion that Carroll had known what he was doing at the time of the crime. She now expressed the belief that Carroll had not known what he was doing. On the basis of this statement, Carroll moved for a new trial on the ground of newly discovered evidence. This motion was denied.

Carroll was then convicted and sentenced for the crime of going armed with intent. His conviction was affirmed by this court in January 1988. 423 N.W.2d 908. Carroll later filed the present application for postconviction relief to challenge his conviction. The district court denied postconviction relief, and Carroll has appealed.

Carroll contends witness LuGrain's recantation statement constitutes newly discovered evidence entitling him to postconviction relief. He also contends his attorney in the earlier direct appeal rendered ineffective assistance by failing to raise an issue concerning the recantation in the direct appeal.

In addition, Carroll contends he is entitled to postconviction relief because the State was unable to produce the original records of his 1986 trial. The State responds that the reconstructed record was adequate to permit consideration of Carroll's issues. We affirm.

* Senior Judge from the Polk County District Court serving on this court by order of the Iowa

Ordinarily, our review of postconviction relief proceedings is for errors of law. *Hinkle v. State*, 290 N.W.2d 28, 30 (Iowa 1980). However, when a postconviction petitioner asserts violation of constitutional safeguards—such as ineffective assistance of counsel—we make our own evaluation based on the totality of the circumstances. This is the equivalent of de novo review. *Id.* We will not disturb the trial court's denial of postconviction relief if the trial court's findings of fact in support of its judgment are supported by substantial evidence and are justified as a matter of law. *Benton v. State*, 199 N.W.2d 56, 57 (Iowa 1972).

We initially note in the present case Carroll failed to raise the issue of LuGrain's recantation on direct appeal. Our courts have long held postconviction relief is not a means for relitigating claims that were or should have been properly presented on direct appeal. *Washington v. Scurr*, 304 N.W.2d 231, 234–35 (Iowa 1981). Any claim not properly raised at trial or on direct appeal may not therefore be litigated in postconviction unless there is sufficient reason for not properly raising it previously. *Id.*

Pursuant to the above authority, Carroll's claim is waived unless he can prove by a preponderance of the evidence "sufficient reason" for not having raised the issue on direct appeal, and also actual prejudice resulting from the alleged error. *Polly v. State*, 355 N.W.2d 849, 856 (Iowa 1984). We have additionally determined the *Polly* standards apply even to those claims that are based on alleged newly discovered evidence, such as those in the present case. *Frank v. State*, 376 N.W.2d 637, 639 (Iowa App.1985).

Carroll makes reference to two occurrences which he contends constitute "sufficient reason" and actual prejudice. First, Carroll contends LuGrain's recantation of her previous testimony was newly discovered evidence. In order for a postconviction petitioner to prevail on a claim

Supreme Court.

of newly discovered evidence, the applicant must show:

> (1) the evidence in question could not have been discovered before judgment in the exercise of due diligence; (2) the evidence is material to the issue and not merely cumulative or impeaching; and (3) its admission would likely change the result if a new trial were granted.

*Brewer v. State,* 444 N.W.2d 77, 80 (Iowa 1989), *citing Stanford v. Iowa State Reformatory,* 279 N.W.2d 28, 32–33 (Iowa 1979).

We find Carroll has failed to satisfy the first prong of the test enunciated in *Stanford.* The record reveals Carroll was aware of LuGrain's recantation testimony before the entry of judgment, and was known to him at the time of his direct appeal. The recantation was also a basis for Carroll's new trial motion. Carroll may not now rely on this ground as a sufficient reason for failing to raise it on direct appeal.

■ Even assuming Carroll had timely raised the issue of LuGrain's recantation, we find he would still fail under the theory of newly discovered evidence. At least four other witnesses testified at trial that Carroll was intoxicated on the night of the alleged crime. Robert Johnson testified he and Carroll drank over a case and a half of beer on the night in question. Johnson testified he believed Carroll knew what he was doing when he brandished the knife, since he had seen Carroll extremely intoxicated on more than one occasion and was familiar with Carroll's character traits. LuGrain herself testified Carroll had consumed a great quantity of alcohol during the afternoon and evening in question, but she believed Carroll was cognizant of his actions. LuGrain testified concerning Carroll's demeanor during the time period in question, and testified as to his statements made to her and Johnson. LuGrain's recantation of her previous testimony is merely impeaching, and cumulative, considering Carroll had called witnesses on his behalf who testified he did not know what he was doing when he confronted the police and told them to shoot him.

■ Carroll, however, additionally claims his appellate counsel was ineffective in failing to raise the issue of newly discovered evidence on direct appeal. Ineffective assistance of counsel may satisfy the "sufficient reason" element of the test articulated in *Polly. Lamphere v. State,* 348 N.W.2d 212, 215 (Iowa 1984). In order to establish a claim of ineffective assistance of trial counsel, the applicant must show: (1) counsel's performance was so deficient as not to be functioning as "counsel" guaranteed by the sixth amendment; and (2) the deficient performance so prejudiced the defense as to deprive the defendant of a fair trial. *Kane v. State,* 436 N.W.2d 624, 627 (Iowa 1989). A claim of ineffective assistance of appellate counsel follows an analogous standard. *Cuevas v. State,* 415 N.W.2d 630, 632 (Iowa 1987). Iowa courts have recognized a defendant is not entitled to perfect representation, but only that which is within the range of normal competency. *State v. Halstead,* 362 N.W.2d 504, 508 (Iowa 1985). We presume counsel was competent, and a postconviction petitioner has the burden of proof to establish by a preponderance of the evidence that counsel was ineffective. *Snethen v. State,* 308 N.W.2d 11, 14 (Iowa 1981). Improvident trial strategy, miscalculated tactics or mistakes in judgment do not necessarily amount to ineffective assistance of counsel.

From the above outlined authority, it is clear Carroll must show (1) counsel's performance was deficient, in that he failed to perform an essential duty, and (2) prejudice resulted to the extent that, but for counsel's unprofessional errors, the result would have been different. *Strickland v. Washington,* 466 U.S. 668, 694, 104 S.Ct. 2052, 2069, 80 L.Ed.2d 674, 699 (1984). We decline, however, to find ineffective assistance of appellate counsel in the present case because we have found there was no merit to Carroll's claim the recantation was newly discovered evidence. Nor do we believe there was any reasonable probability Carroll would have obtained a new trial on these same grounds. We note Carroll previously presented this issue to the trial court on his motion for new trial. The trial

court denied the motion on the grounds the recantation was not a reference to a matter of fact but merely a rendering of a different opinion, that LuGrain's consumption of alcohol made questionable any judgments she may have had made regarding Carroll's frame of mind, and the State's witnesses were more competent. We additionally note under Iowa law "[a] witness' recantation of [her] testimony is looked upon with utmost suspicion." *State v. Frank*, 298 N.W.2d 324, 329 (Iowa 1980). The trial court is not required to believe the recantation, and in the present case the trial court so chose to disbelieve. We believe the trial court was in a superior position to judge the credibility of the witnesses. We find no abuse of discretion on this ground.

We further find the result of Carroll's trial would not have been different had LuGrain testified he did not know what he was doing. LuGrain had already testified Carroll and Johnson had consumed over a case and a half of beer between 3:00 P.M. and 9:00 P.M. LuGrain and Johnson both testified that after they had dropped off Carroll at another apartment earlier in the evening, Carroll later awakened them by climbing through their bathroom window. Both testified Carroll subsequently fell asleep. When he awoke, he went into the kitchen, grabbed a butcher knife, went back to living room, sat on the floor and stabbed the floor with the knife. Both testified Carroll appeared "out of it", but both testified he appeared to be aware of what he was doing. In affirming his conviction on direct appeal, we noted Carroll appeared to recognize the police and the situation as it appeared at the time in question. Considering the great volume of alcohol consumed by Carroll, such testimony regarding this consumption is a greater indictor of Carroll's state of mind than LuGrain's testimony. Based on these facts, we do not believe appellate counsel breached his duty in failing to raise the issue of newly discovered evidence on direct appeal.

■ Carroll additionally contends his due process rights were violated by the presentation of perjured testimony. Our courts have recognized a due process violation occurs when it is discovered after trial that the prosecution's case contained perjured testimony of which the prosecution was aware. *State v. Todden*, 364 N.W.2d 195, 198 (Iowa 1985). In order to obtain relief on this ground, Carroll must show the prosecution introduced the false testimony, the testimony was indeed false, the prosecution knew it was false, and the testimony was material to the determination of the case. *Id.* at 198–99.

Upon our examination of the record, we believe Carroll has failed to meet his burden on this issue. We find no evidence in the record indicating the prosecution knew LuGrain's testimony was false, nor do we believe her testimony at trial was false. As we noted earlier, a witness' recantation of his or her testimony is looked upon with utmost suspicion. *See Frank*, 298 N.W.2d at 329. We agree with the trial court that LuGrain's recantation is more likely the false testimony. Additionally, we do not believe LuGrain's recantation was so material that a reasonable probability existed had the recantation been offered in evidence the outcome of the trial would have been different. *State v. Anderson*, 410 N.W.2d 231, 235 (Iowa 1987). We therefore find no due process violation here.

■ Carroll lastly asserts he is entitled to postconviction relief due to the fact that the original court record and transcripts had been lost. Carroll contends he was unable to adequately prepare his case for postconviction relief. We disagree.

In *McKnight v. State*, 356 N.W.2d 532, 535 (Iowa 1984), the Iowa Supreme Court held if "the original records of a criminal proceeding cannot be produced notwithstanding its good faith effort to make and preserve those records, a postconviction court should allow the State to offer substitute proof of what occurred in those proceedings." The court in *McKnight* recognized that "[t]o grant new trials in all cases where original records cannot be found, regardless of the period of delay or the reason of disappearance, would constitute an excessive waste of judicial resources." *Id.* In the present case, we find no evi-

dence that the State deliberately lost or misplaced the records and transcripts. Under the test set forth in *McKnight,* the State was perfectly within the bounds of the rule in reconstructing the record based upon numerous exhibits introduced at trial.

Our examination of the record leads us to conclude that all relevant portions of the original proceedings required by Carroll to prepare his appeal were provided by the State. LuGrain's recantation testimony was reproduced as well as her trial testimony and her statements made to the police just hours after the crime. Johnson's testimony was reproduced as well. Carroll also had available our ruling on Carroll's direct appeal. We find no merit to this issue.

AFFIRMED.