## IN THE COURT OF APPEALS OF IOWA

No. 15-0069
Filed January 25, 2017

**BASIL C. PENDLETON,**
        Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
        Respondent-Appellee.
_____

        Appeal from the Iowa District Court for Scott County, Mary E. Howes,

Judge.


        Applicant appeals the district court decision denying his application for

postconviction relief from his convictions for first-degree murder and first-degree

robbery.  **REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.**


        John J. Wolfe of Wolfe Law Office, Clinton, for appellant.

        Thomas J. Miller, Attorney General, and Kyle P. Hanson, Assistant

Attorney General, for appellee State.


        Considered by Danilson, C.J., McDonald, J., and Goodhue, S.J.*

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2017).

**GOODHUE, Senior Judge.**

Basil C. Pendleton filed a postconviction-relief petition on September 10, 2013. On February 25, 2014, the State filed a motion for summary dismissal, and it was granted. Pendleton appeals.

## I.   Factual Background and Proceedings

Pendleton was found guilty of first-degree robbery and first-degree murder in 1984. Pendleton appealed his convictions, which were affirmed. *See State v. Pendleton*, No. 84-1319, (Iowa Ct. App. Nov. 26, 1985). The details of the factual event leading up to the convictions are set out in the appellate opinion. *See id.* Suffice it to say that "Pendleton and an accomplice were convicted of robbing the St. Louis House tavern in the early morning hours of August 18, 1983, and in the process, shooting and killing Carol Stinger, the bartender." *Id.* Pendleton has filed several postconviction-relief requests and a habeas-corpus action in federal court. In each case, relief was denied. There have been appeals, but the denials of relief have been affirmed.

In his current petition for relief, Pendleton alleges newly discovered evidence. The evidence consists of an affidavit signed by Edward Martin III and dated March 21, 2013. The thrust of the affidavit is that Martin was told by the police what had occurred at the tavern on August 18, 1983, and about Pendleton's involvement. In essence, Martin was instructed to say that Pendleton had told him that he, Pendleton, had committed the murder. The affidavit stated that, in fact, Martin had known nothing about the crime until he talked with the police and his implication of Pendleton's guilt was not truthful.

The State filed a motion for a summary dismissal, as permitted by Iowa Code section 822.6 (2013). The motion alleged three grounds: (1) as far as the State could tell the affiant had little, if any, connection with the case or Pendleton's prosecution; (2) the veracity of the affidavit is dubious and cannot be verified; (3) the statute of limitations had run; and (4) the contents of the affidavit were discoverable several years ago. The motion for summary dismissal was set for oral arguments on October 23, 2014.

Pendleton filed a resistance to the motion. The resistance asserted that newly discovered evidence creates an exception to the running of the statute of limitations and whether the contents of the affidavit could have been discovered before the statute ran is a materially disputed fact. A separate document entitled "Affidavit," which was the purported statement of Thomas Overton, was not signed and is immaterial to our discussion.

Pendleton appeared at the hearing by telephone and by his counsel. The resistance to the motion filed by Pendleton admitted the three-year statute of limitations had run. The only issue was whether the affidavit constituted a ground of fact that could have not been raised within the applicable time period. *See* Iowa Code § 822.3. The trial court found the evidence in Martin's affidavit could not have been discovered prior to trial with the exercise of due diligence. The trial court noted that a recantation of testimony is viewed with suspicion but considered the affidavit of Martin to be material. The trial court then went ahead and considered other evidence against Pendleton contained in the transcript of the trial of the challenged proceeding and determined the affidavit would not

have likely changed the result of the trial. Based on that finding, the court granted the motion to dismiss.

The "oral argument" was not reported, and the record on appeal does not show how or why the transcript of the challenged proceeding was before the court during the oral argument on the motion for summary dismissal. The record also fails to show why the trial court went ahead and considered the merits of the petition and denied the request for a new trial when the motion hearing was only on the issue of whether the affidavit reflected newly discovered evidence. Pendleton has appealed contending: (1) the State failed to carry its burden on the grounds set out in its motion to dismiss; (2) the granting of the summary dismissal without a right to be heard violated due process; and (3) Pendleton suffered ineffective assistance because of counsel's failure to raise the due process issue.

## II.    Preservation of Error

Ordinarily an issue must be both raised before and decided by the trial court before it will be considered on appeal. *Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002). Ineffective-assistance-of-counsel claims are not bound by the traditional rules of error preservation. *State v. Ondayog*, 722 N.W.2d 778, 784 (Iowa 2006). Pendleton's resistance to the motion for summary judgment preserved error. The State contends error has not been preserved because Pendleton never objected to the scope of the district court's order. The court's order set the issues raised by the motion for summary dismissal for oral arguments, and the ruling relied on the transcript of the challenged proceeding and considered the merits of the case. If the transcript of the challenged

proceeding was not properly before the court, sufficient evidence to support the motion on the grounds relied upon by the trial court simply was not present. No further motion was required to preserve error. *See* Iowa R. Civ. P. 1.904(2). The trial court relied on information that was apparently not before it in granting the motion for summary dismissal.

### III.     Standard of Review

Denial of an application for postconviction relief is generally reviewed for errors of law, but when constitutional issues are involved, the review is de novo. *Lamasters v. State*, 821 N.W.2d 856, 862 (Iowa 2012).

### IV.     Discussion

This matter initially involves a consideration of the summary disposition procedure permitted by Iowa Code section 822.6. Summary disposition will be made "when it appears from the pleadings, depositions, answers to interrogatories, and admissions and agreements of fact, together with any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." Iowa Code § 822.6. The items listed do not include a record of the challenged proceedings. The respondent is obligated to file "the record or portions thereof that are material" with its answer. *Id.*

The State did not file an answer but instead filed its motion to dismiss. There is no record of how or whether the transcript of the challenged proceedings got before the trial court. Nevertheless, those proceedings were relied upon in the court's order granting the motion for summary judgment. The court notified both parties it wanted to hear oral arguments on the issues raised

in the motion for summary judgment and set a date for the parties to be heard. No record was made of the arguments, which is not unusual when no evidence is anticipated. The court obviously considered the challenged proceedings and went beyond the motion to dismiss and determined issues as if the case had been fully submitted, determining a new trial should not be ordered.

The four issues that must be resolved before a new trial is granted are: (1) whether the evidence was discovered after the verdict; (2) whether it could not have been discovered earlier in the exercise of due diligence; (3) whether the evidence is material to the issues in the case and not merely cumulative or impeaching; and (4) whether the evidence probably would have changed the result of the trial. *Jones v. State*, 479 N.W.2d 265, 274 (Iowa 1991).

The motion to dismiss, as interpreted by Pendleton and by this court, was only relevant to the first and second elements necessary to support a new trial and possibly to the third. The last element was not mentioned in the motion to dismiss. The trial court found the affidavit was discovered after the verdict and it could not have been discovered earlier with the exercise of due diligence. It also found that although the evidence was impeachment testimony, it was material to the issues before the court. Based on the transcript of the contested proceeding the district court then found the Martin affidavit would not likely have changed the outcome of the trial and dismissed the application for postconviction relief.

Pendleton asserts he was never notified that the October 23 hearing was to be an evidentiary hearing or that the merits of the totality of his request for postconviction relief was to be determined at that time. Generally, an applicant for postconviction relief is entitled to notification of the opportunity to respond to

the assertions that become the grounds of the dismissal. *Brewer v. State,* 446 N.W.2d 803, 805-06 (Iowa 1989). There is nothing in the record to indicate how the transcript of the contested trial became a part of the record considered in the motion for summary dismissal.

The State does not contend that based on the record submitted for review, it was appropriate for the trial court to consider whether the new evidence would have changed the outcome of the trial. It acknowledges the matter was set for oral argument on the motion to dismiss but notes that in sustaining the motion to dismiss, the trial court referred to the proceeding as a "hearing." The State correctly points out that we do not know what happened during the oral arguments and perhaps the court indicated it was going to rule on the merits. Perhaps there was an agreement to that affect. The State asserts the trial court's ruling is the best indication of what was argued. It then asserts there was probably an oral agreement to change the nature of the hearing and presumably the contents of the underlying trial transcript were presented and argued during the proceeding.

The State then goes ahead to contend that if no transcript of the proceeding is available, it is the appellant's obligation to prepare a statement of what took place. *See In re F.W.S.,* 698 N.W.2d 134, 135 (Iowa 2005). The applicable rule states, "A statement of the proceedings may be prepared to create a record of a hearing or trial for which a transcript is unavailable if a party deems it necessary to complete the record on appeal." Iowa R. Civ. P. 6.806(1). Further, the assumptions the State wants this court to make still do not provide the notice of the nature of the proceeding to which Pendleton was entitled.

Pendleton has provided us the full record of what was before the court when the motion for summary dismissal was set for oral argument. If there was something else that altered the proceeding and made it permissible for the trial court to go beyond the record and consider the transcript of the contested proceeding, the State had the opportunity to do so. If there were additional proceedings, it is the State's obligation to supplement the record to determine why the oral arguments ended up as an evidentiary hearing and why a motion for summary dismissal turned into a hearing on the merits. It is not Pendleton's obligation to expand the record to possibly defeat his claim.

Having determined the motion for summary dismissal should not have been granted, the claim of ineffective assistance of counsel is immaterial.

## V.    Conclusion

The trial court's order sustaining the motion for summary dismissal is reversed and the matter is remanded for a hearing on the merits. The trial court's ruling on remand may very well repeat the ruling entered in the motion to dismiss, when it has the right to review the record and to consider the merits of the case. However, at this time the motion for summary dismissal is reversed with the direction to set the matter for a hearing on the merits.

**REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.**