# IN THE COURT OF APPEALS OF IOWA

No. 20-1433
Filed January 12, 2022

**JEFFREY DANIEL KRONE,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.
_____

Appeal from the Iowa District Court for Woodbury County, Duane F. Hoffmeyer, Judge.

An applicant challenges the denial of postconviction relief. **REVERSED AND REMANDED.**

Jamie Hunter of Dickey, Campbell & Sahag Law Firm, PLC, Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Sheryl Soich, Assistant Attorney General, for appellee State.

Considered by Tabor, P.J., and Greer and Badding, JJ.

**TABOR, Presiding Judge.**

Jeffrey Krone appeals the denial of his application for postconviction relief. His conviction followed submission of a written guilty plea to possession of methamphetamine. On appeal, he contends the district court erred by not reaching the merits of his claim that plea counsel was ineffective. According to Krone, effective counsel would have moved in arrest of judgment because the plea agreement was not disclosed on the record.

The State now agrees the court wrongly decided Krone waived his ineffective-assistance claim. But it insists the court "did briefly reject" the substance of that claim. In the alternative, the State argues Krone cannot show plea counsel's performance prejudiced him.

As both parties recognize, the district court should have reached the merits of Krone's claim. Because we do not read the postconviction ruling as doing so, even briefly, we remand for that to happen. *See McKnight v. State*, 356 N.W.2d 532, 536 (Iowa 1984) (declining to resolve substantive issues presented in application because district court did not reach the merits).

## I. Facts and Prior Proceedings

In August 2017, a Sioux City police officer arrested Krone after finding a baggie containing .4 grams of methamphetamine on the floorboard of the Ford Explorer he was driving. The State charged Krone with possessing a controlled substance, in violation of Iowa Code section 124.401(5) (2017).

Four months later, Krone's attorney, Heidi Rouse, negotiated a plea deal. Krone told Rouse that he would accept a deferred judgment in exchange for his

guilty plea. According to Rouse, on either December 5 or December 8, Krone signed a written guilty plea and waiver-of-rights form.[1]

On December 8, Rouse contacted the prosecutor asking for a deferred judgment on Krone's behalf. Prosecutor Athena Ladeas responded that she would "check on it." But when Ladeas discovered that Krone received a deferred judgment in 2011, she refused Rouse's request. At 8:55 a.m. on December 12, Ladeas sent this email: "He used one prior to this case so I'm not offering the second one. He can certainly argue for it."

At the postconviction hearing, attorney Rouse testified that she relayed the prosecutor's position to her client. Her notes from that conversation showed that Krone agreed to submit the plea form and "request open sentencing." In other words, Krone would plead guilty and could "argue to the court for what the outcome should be, including he could argue for a deferred judgment." In his postconviction testimony, Krone denied consenting to a plea deal that did not involve the prosecution's recommendation of a deferred judgment. At 10:17 a.m. on December 12, Rouse filed the pre-signed waiver of rights and guilty plea. The court accepted the guilty plea that same day and set sentencing for January 2018.

On the day of sentencing, Rouse and Ladeas had an informal meeting with Judge Todd Henlsey in chambers. Krone was not present. Prosecutor Ladeas originally had offered to recommend five days in jail, or ten days on electronic monitoring. But during the conversation, she agreed to reduce jail time to three days with seven days electronic monitoring. Judge Hensley told the attorneys he

---

[1] Krone testified at the postconviction hearing that he did not sign the form. He asserted Rouse copied his signature from another document.

was not inclined to grant a deferred judgment. Rouse recalled that the judge was open to argument but, "unless we had something other than what was in the file, that Mr. Krone would be likely looking at more than the three days jail time." Rouse then told her client that he could still request a deferred judgment, but she "did not believe going in and arguing for a deferred would result in him getting the deferred at that point and that [she] had gotten the new offer from the prosecutor." So Krone left without attending the sentencing hearing.

In a written ruling, the court imposed judgment and sentenced Krone to 180 days in jail, all but three suspended and ten days of electronic monitoring. Krone filed a direct appeal from judgment and sentence.

In February 2020, our court affirmed his conviction but remanded for resentencing because we could not tell whether the district court properly exercised its discretion. *State v. Krone*, No. 18-0139, 2020 WL 821935, at *5 (Iowa Ct. App. Feb. 19, 2020) ("The record is devoid of any details of a plea agreement."). We cited *State v. Thacker*, in which our supreme court vacated a sentence because it was unclear if the district court was giving effect to the parties' plea agreement or independently exercising its discretion. 862 N.W.2d 402, 410 (Iowa 2015). Plus, we preserved Krone's claims of ineffective assistance of plea counsel for a possible postconviction-relief action.

Krone represented himself at the resentencing hearing in April 2020. The district court denied his request to withdraw his guilty plea. Then the court sentenced Krone to two days in jail with credit for time served.

Meanwhile, in September 2018, Krone applied for postconviction relief. The district court stayed the action until the direct appeal ended. Then in May 2020,

Krone amended his petition, alleging plea counsel was ineffective for not moving in arrest of judgment when the guilty plea failed to disclose the plea agreement.

In November 2020, the district court denied relief. In doing so, the court rejected Krone's claim that his attorney forged his signature. "The court finds and concludes Krone did sign a written plea of guilty as asserted by defense attorney Rouse." Beyond that credibility finding, the court decided Krone could not pursue his claim of ineffective assistance of plea counsel in the postconviction case because he failed "to raise claims related to the validity of his guilty plea during his pro se representation" on direct appeal and at resentencing.

Despite bypassing Krone's attack on the legitimacy of his plea, the court was critical of plea counsel's process of having Krone sign the plea form before securing an agreement from the prosecution:

> [T]he court would be less than remiss to say the signing of a written plea of guilty which references a plea agreement without an agreed upon plea agreement is not best practice. With an appropriate factual record, a court could conclude the signing of the written plea of guilty was not knowingly, voluntarily, or intelligently made. In this case, a disputed phone call is the sole affirmation a plea agreement (open sentence) existed.

The court also questioned counsel's advice to Krone that he did not need to appear at sentencing to argue for a deferred judgment.

> What transpired at the Law Enforcement Center without a court appearance under the circumstances creates concerns. Was a purported statement by District Associate Judge Hensley presented to [Krone] as conclusive when the judge made clear a hearing could be held if the defendant so desired? The signing of a written plea of guilty without a plea agreement as a matter of convenience is a bad practice.

Krone now appeals, alleging the court erred in denying him relief without reaching the merits of his ineffective-assistance-of-counsel claim.

## II.     Scope and Standards of Review

We typically review postconviction-relief proceedings for correction of legal error.  *Ruiz v. State*, 912 N.W.2d 435, 439 (Iowa 2018).  But when the applicant alleges ineffective assistance of counsel, we switch to de novo review.  *Id.*

## III.     Analysis

To prevail on his claim of ineffective assistance, Krone must prove attorney Rouse performed deficiently and prejudice resulted.  *See Strickland v. Washington*, 466 U.S. 668, 687 (1984).  We measure counsel's performance against the standard of a reasonably competent practitioner.  *State v. Clay*, 824 N.W.2d 488, 495 (Iowa 2012).  On the prejudice prong, because Krone pleaded guilty, he must show that but for Rouse's omission he would have insisted on going to trial.  *See State v. Carroll*, 767 N.W.2d 638, 644 (Iowa 2009).

Starting with the performance prong, Krone points to two rules of criminal procedure requiring the plea-taking court to explore the influence of plea negotiations on the defendant's decision to plead guilty.  Iowa Rule of Criminal Procedure 2.8(2)(c) requires court "inquir[y] as to whether the defendant's willingness to plead guilty results from prior discussions between the attorney for the state and the defendant or the defendant's attorney."  Rule 2.10(2), in turn, "require[s] the disclosure of the [plea] agreement in open court at the time the plea is offered."  Iowa R. Crim. P. 2.10(2).

Krone contends the document that his attorney submitted to the court—"an undated, written plea that contained multiple vague references to a plea agreement that may or may not exist"—did not comply with these rules.  He argues Rouse was ineffective for failing to challenge that noncompliance by moving in arrest of

judgment. But the district court did not address that argument, opting instead to deny relief on waiver grounds.

Out of the gate, the State concedes that the district court erred in deciding Krone waived his challenge to counsel's handling of the guilty plea during direct appeal and at resentencing. The State acknowledges: "although Krone filed a *pro se* supplemental appellate brief, he was represented by counsel on direct appeal—contrary to the postconviction court's observation—and the Court of Appeals specifically preserved his ineffective assistance claims for postconviction proceedings." The State continues: "Moreover, as the resentencing court correctly recognized, its only task was to resentence [Krone] in light of the Court of Appeals decision finding a *Thacker* sentencing violation."

Yet the State contends the district court "ultimately ruled—albeit succinctly—on the substance of Krone's claim when it accepted the credible testimony of defense counsel Heidi Rouse, which was in direct contradiction to Krone's claims that he did not intend to plead guilty."

We read the court's credibility determination more narrowly. True, the court rejected Krone's assertion that his attorney forged his signature on the plea form. But it did not reach Krone's underlying claim that Rouse was ineffective for not moving in arrest of judgment.

Expecting that we might disagree, the State argues that "because there was no valid basis to arrest judgment, [Rouse] was not ineffective." It adds, "even if the court concludes that the trial court should have inquired about any plea agreement in open court and counsel should have challenged that failure, Krone still cannot show resulting prejudice." In reply, Krone points to his testimony that "had he

known that the State was not in agreement with a deferred judgment, he would have gone to trial." He notes that even if he lost at trial, he still could have requested a deferred judgment at sentencing.

While we appreciate the parties' spirited arguments, we decline to reach the substance of Krone's ineffective-assistance claim when the district court has not yet ruled on the merits. *See McKnight*, 356 N.W.2d at 536; *see also Hoosman v. State*, No. 14-1870, 2016 WL 1704013, at *2 (Iowa Ct. App. Apr. 27, 2016) ("We decline the State's invitation to address the merits of Hoosman's claims for the first time on appeal. The district court is in a better position to make the necessary credibility assessments, having heard the evidence first hand."). Instead, we reverse the postconviction order and remand for a ruling on the merits from the record already created. We do not retain jurisdiction.

**REVERSED AND REMANDED.**