**Sandra FRANK, Petitioner-Appellant,**

v.

**STATE of Iowa, Respondent-Appellee.**

**No. 84–1301.**

Court of Appeals of Iowa.

Aug. 29, 1985.

Charles L. Harrington, Appellate Defender, and B. John Burns, Asst. Appellate Defender, for petitioner-appellant.

Thomas J. Miller, Atty. Gen., Steven K. Hansen, Asst. Atty. Gen., and William S. Vanderpool, Cerro Gordo Co. Atty., for respondent-appellee.

Considered by DONIELSON, P.J., and SCHLEGEL and SACKETT, JJ.

SACKETT, Judge.

Sandra Frank appeals from the trial court's denial of her application for post-conviction relief. She claims that: (1) she is entitled to a new trial because of the prosecutor's failure to disclose a communi-

cation between himself and a juror, (2) she received ineffective assistance of counsel at her trial in that her attorney failed to file notice of an alibi defense and failed to conduct voir dire examination of the jurors concerning their media exposure, and (3) she is entitled to a new trial based on newly discovered evidence that a key witness was suffering from a mental defect which impaired her testimonial capacity at the time of trial. We affirm the district court on the denial of postconviction relief.

On the evening of August 30, 1978, a fire was reported at the George O'Harrow residence in Mason City. Firemen found the body of Mr. O'Harrow in the kitchen where he had died from blows to the skull inflicted by a crescent wrench. Mr. O'Harrow's house appeared to have been ransacked, and an old school clock was discovered missing from the attached garage. Evidence at Sandra's trial indicated that the O'Harrow clock had been in her possession and that her palmprint was found on O'Harrow's refrigerator.

During trial, a twenty-day recess was necessitated by the disappearance of two key state witnesses, Penny Frank (Sandra's sister) and Andrew Rupar. Details of their search and capture were extensively covered in the local media. Defense counsel William Pappas' motion for mistrial was denied. Penny Frank testified at trial that she and Sandra had gained entry to O'Harrow's home a month prior to his death through the pretext of car trouble to see what was inside. Penny stated that Sandra expressed a desire to return and kill O'Harrow. Penny further testified that Sandra told her about the killing the night of August 30, and that Sandra stated she was going to return that night to set fire to O'Harrow's house. Upon subsequent examination, Penny recanted this testimony. Later in trial defense counsel Pappas attempted to question Jerry Smith (Sandra Frank's husband at the time) concerning Sandra's whereabouts on the night of the crime. The state objected that notice of alibi had not been filed. The objection was sustained.

Sandra Frank was convicted of first-degree murder. The Iowa Supreme Court affirmed her conviction upon direct appeal. *State v. Frank*, 298 N.W.2d 324 (Iowa 1980). On appeal of her denial of postconviction relief, Frank alleges denial of her constitutional rights. Our review is de novo on the totality of the circumstances. *Polly v. State*, 355 N.W.2d 849, 854 (Iowa 1984). The burden or proof is on the petitioner Frank to establish the facts by a preponderance of the evidence. *Hackett v. State*, 354 N.W.2d 247, 249 (Iowa App. 1984).

■ The appellant Frank has raised the issue of whether the holding of *Polly v. State*, 355 N.W.2d 849 (Iowa 1984) applies to postconviction claims made under the "new evidence" prong of Iowa Code section 663A.2(4) (1985). In determining whether a court may address a postconviction claim not raised in a prior proceeding, the "sufficient reason" requirement of Iowa Code section 663A.8 is equated with the "cause and prejudice" standard of federal habeas corpus proceedings. *Polly v. State*, 355 N.W.2d 849, 855–56 (Iowa 1984). Thus, under *Polly* a postconviction petitioner raising a new ground for relief must show: (1) "cause" for failure to challenge the alleged error in trial court, and (2) actual prejudice resulting from this error. *Id.* at 856. The appellant Frank contends that the holding of *Polly* does not apply to claims made under Iowa Code section 663A.2(4) which provides for postconviction relief where "there exists evidence of material fact, not previously presented and heard, that requires vacation of the conviction or sentence in the interest of justice." We believe the standard set forth in *Polly* must be met in every case of postconviction relief where the postconviction claim was not raised in a prior proceeding.

Since the issues raised by appellant Frank for postconviction relief were not raised in a prior proceeding, Frank must show for each issue (1) "cause" for failure to challenge the alleged error in trial court, and (2) actual prejudice resulting from this error.

## I. Prosecutor's Failure to Disclose a Communication Between Himself and a Juror

Frank introduced into evidence at her postconviction hearing an undated note prepared by Clayton Wornson, the prosecuting attorney in her trial, documenting a telephone call from Kenneth Riekena, a juror in the trial. The note stated that Mr. Riekena had received a telephone call from some kids who told him "he better watch out," but they did not refer to the Frank case. At the postconviction hearing Mr. Wornson testified that he had no independent recollection of the communication with the juror, but that he had a feeling that the call may have occurred during the twenty-day recess in the trial. Mr. Riekena could not recall exactly when he received the call from the kids but testified that his recollection was that he never returned to the courthouse after receiving the call, implying that the call occurred after the trial. Both the judge and defense attorney from petitioner's trial testified that they had no knowledge of the communication.

 Since the note was not discovered until preparation for the postconviction hearing, Frank had "cause" for failing to raise the claim previously. However, Frank has not shown that this communication resulted in actual prejudice to her at trial. Frank relies on *State v. Cowman*, 212 N.W.2d 420, 424–25 (Iowa 1973) and *State v. Hahn*, 259 N.W.2d 753, 756–57 (Iowa 1977), both cases involving private conversations between the trial court judge and a juror concerning the juror's ability to serve as an unbiased and impartial fact finder. The judge-juror communications in those cases occurred during trial. Frank has failed to show actual prejudice because she did not prove by a preponderance of the evidence that the prosecutor-juror communication occurred during the time of trial.

It is not sufficient that the applicant demonstrate the errors created a *possibility* of prejudice, he or she must shoulder the burden of showing they worked to his or her *actual* and substantial disadvantage, infecting the entire trial with error of constitutional dimensions.

*Polly* at 855 (citing *United States v. Frady*, 456 U.S. 152, 171, 102 S.Ct. 1584, 1596, 71 L.Ed.2d 816, 832 (1982)). Frank is not entitled to a new trial due to the prosecutor-juror communication.

## II. Ineffective Assistance of Counsel

 Frank claims that her trial attorney, William Pappas, was ineffective by failing to file a notice of alibi and by failing to *voir dire* jurors about their exposure to news accounts regarding a search for witnesses. Because Frank was represented by the same counsel at trial and on direct appeal, this would constitute "cause" for failing to raise the claim of ineffectiveness of trial counsel previously. *See Sims v. State*, 295 N.W.2d 420, 422–23 (Iowa 1980) (ineffective assistance of appellate counsel would constitute "sufficient reason" to permit the issue of ineffective trial counsel to be raised for the first time in the postconviction proceeding). In order to show prejudice, a defendant claiming ineffective assistance of counsel must show:

(1) that counsel's performance was so deficient that counsel was not functioning as the "counsel" guaranteed by the sixth amendment, and

(2) that the deficient performance so prejudiced the defense as to deprive the defendant of a fair trial.

*State v. Losee*, 354 N.W.2d 239, 243 (Iowa 1984) (citing *Strickland v. Washington*, 466 U.S. 668, ——, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674, 693 (1984)).

Frank argues that her trial counsel, William Pappas, provided ineffective assistance when he failed to file notice of alibi defense and then unsuccessfully attempted to question witness Jerry Smith about the alibi. Pappas testified at the postconviction hearing that he decided not to file the notice of alibi because Smith's statement that he had spent the evening with Sandra Frank at home watching television was "vague." Pappas stated he wanted to protect Smith's and Frank's credibility, although later he tried to "slip" the testimo-

ny in at trial. The lower court concluded that Pappas did consult with his client Frank in accordance with his professional responsibility, and that although there might be a difference as to trial strategy among attorneys, Pappas' conduct did not amount to ineffective assistance.

■ Counsel's performance must fall within the range of normal competency, and a reasonable decision by counsel concerning strategy will not be interferred with simply because the chosen strategy was unsuccessful. *State v. Losee*, 354 N.W.2d at 243. Frank's trial attorney was concerned with the credibility of Frank and Smith and felt that their alibi story was so weak that it would hurt Frank in front of the jury. Whether this tactic was good or bad, it was not so unreasonable that it showed ineffectiveness. *See State v. Wilkens*, 346 N.W.2d 16, 18–19 (Iowa 1984) (trial counsel not ineffective for failure to present intoxication defense); *State v. Veverka*, 271 N.W.2d 744, 750–51 (Iowa 1978) (defense attorney's strategic decision not to introduce evidence of impaired judgment not ineffective assistance). "[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Strickland v. Washington*, 466 U.S. 668, ——, 104 S.Ct. 2052, 2066, 80 L.Ed.2d 674, 695 (1984). Frank has failed to present evidence to overcome this presumption and has failed to show any prejudice.

■ With regard to Frank's second allegation of ineffectiveness of counsel, Frank contends that her trial counsel failed to *voir dire* the jurors regarding prejudicial exposure to media stories regarding the search for two witnesses during the twenty-day recess in her trial. At the postconviction hearing, trial counsel Pappas testified that he believed a *voir dire* of the jurors at that time would have accomplished nothing and could have hurt Frank by removing a ground for direct appeal. In fact, Pappas did appeal on the prejudicial publicity grounds. The Iowa Supreme Court rejected a similar claim of

ineffective assistance of counsel in *State v. Aldape*, 307 N.W.2d 32, 44–45 (Iowa 1981). The court stated in *Aldape* that although it may have been better practice for trial counsel to *voir dire* the jurors, the defendant failed to establish any prejudice which resulted from his counsel's decision not to *voir dire*. *Id.* at 45. There was nothing in the record indicating that the Frank jury violated the trial court's admonition against exposure to trial publicity or that the jury was affected by the publicity. Trial counsel's failure to *voir dire* the jurors was a reasonable trial strategy within the range of normal competency. Hence, no ineffectiveness of trial counsel was proven by Frank entitling her to postconviction relief.

## III. Key Witness Suffered from Mental Defect Impairing Testimonial Capacity

■ Frank alleges that a key witness, Penny Frank, was suffering from an undiagnosed mental illness at the time of her testimony at Frank's trial which impaired her testimonial capacity. A psychiatrist stated at the postconviction hearing that Penny was diagnosed after the trial as suffering from a type of schizophrenia which caused distortion in her retention of perceptions.

Frank has shown cause for failing to raise this issue previously since Penny's condition was not fully diagnosed until after trial and direct appeal. However, Frank has failed to show actual prejudice which would have affected the outcome of her trial.

■ Any person with sufficient capacity to understand the oath is competent. Iowa Code § 622.1 (1985). The competency of a witness under this statute is determined by her: (1) mental capacity to understand the nature of the questions posed and to form and communicate intelligent answers, and (2) the moral responsibility to speak the truth. *State v. Harvey*, 242 N.W.2d 330, 336 (Iowa 1976). The psychiatrist at the postconviction hearing testified that Penny Frank's mental illness would not affect her ability to perceive events, to understand

the nature of questions asked her, to give intelligent answers, or to know the moral responsibility to speak the truth. Frank has not shown that Penny's mental illness impaired her testimonial capacity.

Evidence of Penny's mental illness would go to the jury's assessment of Penny's credibility. However, Penny's testimony was impeached during Frank's trial. Any additional evidence bearing on Penny's credibility would merely be cumulative. Prior to *Polly v. State*, postconviction relief was denied when the petitioner has failed to show new evidence was other than merely cumulative or impeaching. *Lawson v. State*, 280 N.W.2d 400, 405–06 (Iowa 1979); *Stanford v. Iowa State Reformatory*, 279 N.W.2d 28, 32–33 (Iowa 1979). In order to show actual prejudice, the trial error must have worked to Frank's *"actual* and substantial disadvantage, infecting the entire trial with error of constitutional dimensions." *Polly* at 855. Frank has not shown any actual prejudice resulting from Penny's mental illness which would have prevented Frank from receiving a fair trial.

We affirm the district court's denial of postconviction relief.

AFFIRMED.