Steven Leroy **ADCOCK**, Applicant–
Appellant,

v.

**STATE of Iowa**, Respondent–Appellee.

No. 93–1922.

Court of Appeals of Iowa.

Dec. 14, 1994.

Thomas G. Reidel of J.W. Conway Law Offices, Muscatine, for appellant.

Bonnie J. Campbell, Atty. Gen., Julie H. Brown, Asst. Atty. Gen., Richard R. Phillips, County Atty., and Dana Christiansen, Asst. County Atty., for appellee.

Considered by SACKETT, P.J., and HABHAB and HUITINK, JJ.

HABHAB, Judge.

In January 1992, Steven Adcock was convicted, following a jury trial, of burglary in the second degree and theft in the second degree. He was sentenced to a term not to exceed ten years on the burglary conviction and a term not to exceed five years on the theft conviction. These sentences are to run

concurrently. Adcock appealed his convictions, and the supreme court affirmed in an unpublished opinion.

At Adcock's trial, Steven Walker testified against Adcock as part of a plea agreement. Walker testified that on October 14, 1991, he and Adcock went together to the apartment of Melissa Rhodes. He stated Adcock broke the door open and they removed a television set, video cassette recorder, and radio from the apartment. Walker testified they took the property to Economy TV and sold it for $150.

Walker's testimony was corroborated. Harold McElroy, the owner of Economy TV, identified Adcock as the person who came into his store with the stolen goods on October 14, 1991. McElroy stated he wrote out a check for $150 to Adcock. Adcock did not testify at the trial.

On October 28, 1993, Adcock filed an application for postconviction relief. He alleged there was newly discovered evidence which was not available at the time of trial and sought a new trial. The alleged newly discovered evidence was that Walker had recanted his earlier testimony.

At the postconviction relief hearing Walker testified he had lied at Adcock's criminal trial because he had hoped it would reduce his chances of going to prison. He testified he had asked Adcock to commit a burglary with him, and Adcock had refused. Walker stated he had committed the burglary on his own, but had brought the stolen goods to Adcock and Adcock had agreed to help him sell the goods. Adcock testified he did not have anything to do with the burglary.

The district court denied Adcock's application for postconviction relief. The court noted Walker did not decide to change his testimony until he met Adcock in the prison system. The court determined it was difficult to give much credibility to Walker when he admitted he had previously lied under oath. The court concluded Walker's testimony at the postconviction hearing was not credible. Adcock appealed.

■ A proceeding for postconviction relief is a civil action and is triable at law. *Overton v. State*, 493 N.W.2d 857, 858 (Iowa 1992). We will not disturb the trial court's denial of postconviction relief if the trial court's findings of fact in support of its judgment are supported by substantial evidence and are justified as a matter of law. *Carroll v. State*, 466 N.W.2d 269, 271 (Iowa App. 1990).

■ Postconviction relief is not a means for relitigating claims that were or should have been properly presented at trial or on direct appeal. *Earnest v. State*, 508 N.W.2d 630, 632 (Iowa 1993). Any claim not properly raised at trial or on direct appeal may not be litigated in postconviction unless there is sufficient reason for not properly raising it previously. *Id.* Evidence which is newly discovered may satisfy the sufficient reason requirement for not raising an issue on direct appeal. *Frank v. State*, 376 N.W.2d 637, 639 (Iowa App.1985).

■ In order to prevail on a claim of newly discovered evidence, a postconviction applicant must show: (1) the evidence in question could not have been discovered before judgment in the exercise of due diligence; (2) the evidence is material to the issue and not merely cumulative or impeaching; and (3) its admission would likely change the result if a new trial were granted. *Brewer v. State*, 444 N.W.2d 77, 80 (Iowa 1989) (*citing Stanford v. Iowa State Reformatory*, 279 N.W.2d 28, 32–33 (Iowa 1979)).

■ Furthermore, the postconviction court is not required to believe the recantation, and has wide discretion to view the matter in its entirety to determine if a defendant had a fair criminal trial and if a new trial would likely produce a different result. *State v. Folck*, 325 N.W.2d 368, 377 (Iowa 1982). The reviewing court will not interfere unless there is a clear abuse of discretion. *Id.*

■ Adcock contends the district court abused its discretion by refusing to grant him a new trial based on the newly discovered evidence of Walker's changed testimony. He believes the court abused its discretion by finding Walker was not credible at the postconviction hearing. Adcock claims Walker was credible because he faced the possibil-

ity of a perjury charge by admitting he had previously lied under oath and had nothing to gain by recanting his testimony.

We find there is substantial evidence in the record to support the district court's conclusion on this issue. A witness' recantation testimony is looked upon with the utmost suspicion. *Jones v. State,* 479 N.W.2d 265, 275 (Iowa 1991). At the criminal trial, Walker admitted he had lied at his deposition. At the postconviction hearing, Walker admitted he had previously been convicted of giving false information. As the district court states, it is extremely difficult to give much credibility to one who takes the stand and testifies that he previously lied under oath.

■ Also, we find no abuse of discretion in the district court's determination that looking at the whole record, Adcock received a fair trial. In addition to Walker's testimony against Adcock, there was other evidence connecting Adcock to the crime. Adcock was identified as the person in possession of the stolen goods shortly after they were stolen. Possession of stolen property is corroborative evidence which supports a conviction of burglary. *State v. Dickerson,* 313 N.W.2d 526, 529 (Iowa 1981).

Moreover, we find it is not likely Walker's changed testimony would change the result if a new trial were granted. The supreme court has repeatedly held that a witness' recantation testimony is looked upon with the utmost suspicion. *Jones,* 479 N.W.2d at 275.

We find no abuse of discretion in the district court's decision to deny Adcock's request for a new trial. We affirm the decision of the district court. Costs of this appeal are assessed to Steven Adcock.

**AFFIRMED.**