**IN THE COURT OF APPEALS OF IOWA**

No. 14-0321
Filed August 5, 2015

**TERRY LINN JOHNSTON**,
          Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
          Respondent-Appellee.
_____

          Appeal from the Iowa District Court for Warren County, Richard B. Clogg,

Judge.

          Applicant appeals the district court's denial of his application for

postconviction relief from his convictions on two counts of second-degree sexual

abuse, three counts of third-degree sexual abuse, and lascivious acts with a

child.  **AFFIRMED.**

          Mark C. Smith, State Appellate Defender, and Bradley M. Bender,
Assistant Appellate Defender, for appellant.

          Terry L. Johnston, Des Moines, pro se.

          Thomas J. Miller, Attorney General, Bridget A. Chambers, Assistant
County Attorney, John Criswell, County Attorney, and Douglas Eichholz,
Assistant County Attorney, for appellee.

          Considered by Doyle, P.J., Mullins, J., and Eisenhauer, S.J.*  Goodhue,

S.J., takes no part.

          *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2015).

**EISENHAUER, S.J.**

Terry Johnston appeals the district court's denial of his application for postconviction relief from his convictions on two counts of second-degree sexual abuse, three counts of third-degree sexual abuse, and lascivious acts with a child. Johnston has not shown he received ineffective assistance due to defense counsel's failure to file a motion to dismiss on speedy trial grounds or to raise the issue of prosecutorial misconduct. He has not preserved error on the issues he raises in a pro se brief. We affirm the district court decision denying his request for postconviction relief.

### I. Background Facts & Proceedings.

The State filed a trial information charging Johnston with several sex offenses. The State alleged Johnston had engaged in sex acts with his step-daughter over a period of many years. He was arraigned on July 2, 2001. The trial was set for August 22, 2001.

A long period of delay resulted in trial not occurring until October 8, 2003. The court granted Johnston's motion to continue, and the trial was set for September 19, 2001. In the meantime, Johnston filed several motions seeking to dismiss his court-appointed counsel. He privately retained an attorney, and the court granted court-appointed counsel's motion to withdraw on September 4, 2001. On September 10, 2001, Johnston waived his right to speedy trial under Iowa Rule of Criminal Procedure 2.33(2)(b),[1] which provides a trial should be

---

[1] At the time Johnston signed the waiver of his right to speedy trial, the rule was referred to as Iowa Rule of Criminal Procedure 27(2)(b).

held within ninety days after indictment. He was released on bond on September 24, 2001. The trial was set for December 19, 2001.

On December 14, 2001, Johnston filed a motion requesting the State produce certain physical evidence, including audio or videotapes. On February 4, 2002, the trial was continued to February 25, 2002, "at defendant's attorney's request." On March 12, 2002, defense counsel appeared before the court, and the matter was continued to April 1, 2002. On April 1, 2002, Johnston and his attorney appeared, and the matter was set for May 29, 2002. They both appeared before the court on May 20, 2002, and the matter was continued to July 15, 2002. On August 26, 2002, the court entered an order setting the pretrial conference for September 16, 2002, "per agreement of the parties." On September 16, 2002, the court set the trial for January 8, 2003, "per agreement of the parties." Defense counsel appeared before the court, and the pretrial conference was set back to May 19, 2003, and then June 2, 2003. On June 2, 2003, the trial was set for August 6, 2003.

On August 5, 2003, Johnston filed a motion to dismiss on the ground the State had not fully responded to his motion to produce. In the alternative he requested a continuance. The court continued the trial until October 8, 2003, "per agreement of the parties." The motion to dismiss was denied.

The jury trial commenced on October 8, 2003. The jury found Johnston guilty of two counts of sexual abuse in the second degree, three counts of sexual abuse in the third degree, and lascivious acts with a child. He was sentenced to twenty-five years in prison on each of the charges of second-degree sexual

abuse, ten years on each of the charges of third-degree sexual abuse, and five years on the charge of lascivious acts with a child, all to be served concurrently. The convictions were affirmed on appeal. *State v. Johnston*, No. 03-1955, 2004 WL 2387083 (Iowa Ct. App. Oct. 24, 2004).

On December 3, 2007, Johnston filed an application requesting postconviction relief. After a hearing, the district court entered an order on February 20, 2014, denying his application. The court found Johnston (1) elected to forego his right to a trial within one year after he was arraigned; (2) did not show he received ineffective assistance due to counsel's failure to file a motion to dismiss on speedy trial grounds; and (3) did not show there was prosecutorial misconduct based on the sealing of his dissolution-of-marriage file or the failure to produce interview tapes. Johnston appealed the court's decision on February 28, 2014.

## II. Direct Issues.

Johnston contends the criminal prosecution should have been dismissed because he was denied his right to a trial within one year after his arraignment, pursuant to rule 2.33(2)(c). During the criminal proceedings Johnston did not file a motion to dismiss on speedy trial grounds. He also claims he is entitled to relief due to prosecutorial misconduct. However, he did not bring the issue of prosecutorial misconduct to the court's attention during the criminal proceedings.

"Postconviction relief is not a means of relitigating claims that were or should have been properly presented at trial or on direct appeal." *Adcock v. State*, 528 N.W.2d 645, 647 (Iowa Ct. App. 1994). "Any claim not properly raised

at trial or on direct appeal may not be litigated in postconviction unless there is sufficient reason for not properly raising it previously." *Id.* We conclude Johnston is barred from raising these issues directly. *See id.*

### III. Ineffective Assistance.

In the alternative, Johnston contends he received ineffective assistance due to counsel's failure to file a motion to dismiss on speedy trial grounds or to raise the issue of prosecutorial misconduct. A claim of ineffective assistance of counsel "need not be raised on direct appeal from the criminal proceedings in order to preserve the claim for postconviction relief purposes." Iowa Code § 814.7(1); *State v. Thorndike*, 860 N.W.2d 316, 319 (Iowa 2015).

We review claims of ineffective assistance of counsel de novo. *Ennenga v. State*, 812 N.W.2d 696, 701 (Iowa 2012). To establish a claim of ineffective assistance of counsel, an applicant must show (1) the attorney failed to perform an essential duty and (2) prejudice resulted to the extent it denied the applicant a fair trial. *State v. Carroll*, 767 N.W.2d 638, 641 (Iowa 2009). An applicant has the burden to show by a preponderance of the evidence counsel was ineffective. *See State v. McKettrick*, 480 N.W.2d 52, 55 (Iowa 1992).

**A.** Johnston was arraigned on July 2, 2001. His criminal trial commenced on October 8, 2003, more than two years later. Rule 2.33(2)(c) provides, "All criminal cases must be brought to trial within one year after the defendant's initial arraignment . . . unless an extension is granted by the court, upon a showing of good cause." Johnston contends his defense counsel should have filed a motion to dismiss on speedy trial grounds when one year had passed and he had not

been tried. He asserts if a motion to dismiss had been filed, it would have been granted and the criminal charges against him would have been dismissed.

Criminal charges should be dismissed if the speedy trial deadlines have been surpassed "unless the defendant has waived speedy trial, the delay is attributable to the defendant, or other 'good cause' exists for the delay." *State v. Miller*, 637 N.W.2d 201, 204 (Iowa 2001). The concept of "good cause" focuses on only one factor—the reason for the delay. *Id.* at 205. In a claim of ineffective assistance of counsel an applicant must show, by a preponderance of the evidence, the State would be unable to establish good cause for the delay. *Ennenga*, 812 N.W.2d at 706.

Johnston did not formally waive his right to trial within one year after arraignment.[2] On our de novo review, however, we find the record shows the delay in bringing the case to trial is attributable to Johnston. He requested continuances multiple times, and three times the matter was continued "per agreement of the parties," meaning Johnston acquiesced in the continuance. Also, when trial was set for December 19, 2001, Johnston filed a motion on December 14, 2001, requesting the production of certain evidence. When the case was scheduled for trial on August 6, 2003, Johnston filed a motion to dismiss on August 5, 2003. "[A] defendant must accept a delay which is reasonably necessary for action on his motions; such a delay constitutes good

---

[2] On September 2, 2003, at the hearing on Johnston's motion to dismiss based on discovery problems, defense counsel mistakenly stated, "I also believe that the file will reflect that Mr. Johnston has waived both his 90 and one year, so we're not really here to discuss any speedy trial issues." The record shows Johnston filed a waiver of his right to trial within ninety days but did not file a written waiver of his right to trial within one year.

cause for continuing the trial beyond the speedy trial deadline." *State v. Searcy*, 470 N.W.2d 46, 47 (Iowa Ct. App. 1991).

Johnston argues the delay should be attributed to the State's failure to comply with his discovery requests. As noted, Johnston filed a motion on December 14, 2001, requesting the production of certain evidence. He believed the State did not fully comply with his request. He did not file a motion to compel, but discussed the matter with the prosecutor. He took no further action until August 5, 2003, when he filed a motion to dismiss based on the State's failure to produce certain evidence.

Although Johnston argues he was interested in having the case brought to trial, the evidence does not support his contention. The delay in bringing the case to trial was due to Johnston's requests for continuances. Furthermore, he took little action for more than one and one-half years to get the State to comply with his discovery requests. We agree with the district court's conclusion Johnston "elected to forego his speedy trial right and acquiesced in the delay." Johnston has not shown by a preponderance of the evidence that if defense counsel had filed a motion to dismiss the State would be unable to establish good cause for the delay. *See Ennenga*, 812 N.W.2d at 706. We conclude if such a motion had been filed, it would have been unsuccessful. *See State v. Ray*, 516 N.W.2d 863, 866 (Iowa 1994) ("It is axiomatic that ineffectiveness of counsel may not be predicated on the filing of a meritless motion.").

**B.** Johnston claims he received ineffective assistance because postconviction counsel did not argue there was ineffective assistance due to

defense counsel's failure to raise the issue of prosecutorial misconduct. He asserts the prosecutor engaged in misconduct by sealing his dissolution-of-marriage file and suppressing the audiotapes of the interviews of witnesses.

In order to show prosecutorial misconduct in a criminal case, a defendant must show misconduct and resulting prejudice to the extent the defendant was denied a fair trial. *State v. Graves*, 668 N.W.2d 860, 869 (Iowa 2003). "Thus, it is the prejudice resulting from misconduct, not the misconduct itself, which entitles a defendant to a new trial." *Id.* Factors to be considered are: (1) the severity and pervasiveness of the misconduct; (2) the significance of the misconduct to the central issues in the case; (3) the strength of the State's case; (4) the use of cautionary instructions or other curative measures; and (5) the extent to which the defense invited the misconduct. *Id.* "The most significant factor is the strength of the State's evidence." *State v. Krogmann*, 804 N.W.2d 518, 526 (Iowa 2011).

In this postconviction action, Johnston has the burden to show there is a reasonable probability the result of the proceeding would have been different if defense counsel had raised the issue of prosecutorial misconduct. *See Nguyen v. State*, 707 N.W.2d 317, 324 (Iowa 2005). "To determine if the prejudice standard has been met, we look to the totality of the evidence, the factual findings that would have been affected by counsel's errors, and whether the effect was pervasive, minimal, or isolated." *Id.*

At the time the trial information was filed Johnston was involved in dissolution of marriage proceedings with his wife.[3] The dissolution file contains a notation, "Sealed per County Atty." There is a second notation stating, "per [the prosecutor] this is part of the discovery in the criminal matter & the atty can obtain copies through her." Johnston testified the prosecutor told him in June 2001 he would need a court order to get the dissolution file unsealed.[4] Despite this information, Johnston took no steps to unseal the file until the issue was raised during the hearing on his motion to dismiss. The court unsealed the file on September 3, 2003. Thus, Johnston had access to the file before his criminal trial, which commenced on October 8, 2003. We conclude Johnston has not shown prosecutorial misconduct or prejudice on this ground.

In Johnston's motion to produce, filed on December 14, 2001, he requested "Copies of any and all audio or videotapes obtained." He received transcripts of police interviews with certain witnesses, including his step-daughter, but not the audiotapes used to make the transcripts. The police chief testified at the hearing on Johnston's motion to dismiss that the prosecutor had not requested the audiotapes and he usually did not turn over audiotapes unless they were requested. The prosecutor stated she gave defense counsel everything she had in her file and she was not aware there were audiotapes. On September 3, 2003, the district court ordered defense counsel should have

---

[3] Johnston claimed the dissolution file was pertinent to his criminal proceedings because he believed his stepdaughter falsely accused him of sexual abuse in order to help her mother, his wife, in obtaining physical care of the children he and his wife had together.

[4] It is not apparent from the record how the dissolution file became sealed, or if it was sealed. The prosecutor testified she did not believe she had the authority to seal a court file. There is no court order sealing the file. Thus, although the file had a notation stating it was sealed, it is not clear the file was ever actually sealed.

access to the audiotapes. Defense counsel listened to the audiotapes before Johnston's criminal trial. Again, Johnston has not shown prosecutorial misconduct or prejudice.

We conclude Johnston has not shown he received ineffective assistance due to counsel's failure to raise the issue of prosecutorial misconduct. If the issue had been raised, it would have been unsuccessful because the record does not show the prosecutor engaged in misconduct or Johnston was prejudiced by the prosecutor's conduct. "We will not find counsel incompetent for failing to pursue a meritless issue." *State v. Brubaker*, 805 N.W.2d 164, 171 (Iowa 2011).

## IV. Pro Se Issues.

After filing a notice of appeal, Johnston filed a motion pursuant to Iowa Rule of Civil Procedure 1.904(2) seeking to expand the court's ruling by addressing several issues he raised in pro se filings. In a pro se appellate brief Johnston asserts the district court erred by not addressing these issues. Once he filed his notice of appeal, the district court lost jurisdiction to rule on the motion. *See IBP, Inc. v. Al-Gharib*, 604 N.W.2d 621, 628 (Iowa 2000). Also, because the district court never ruled on the issues, they have not been preserved for our review. *See State v. Manna*, 534 N.W.2d 642, 644 (Iowa 1995) ("Our error preservation rule requires that issues must be presented to and passed upon by the district court before they can be raised and decided on appeal.").

We affirm the decision of the district court denying Johnston's application for postconviction relief.

**AFFIRMED.**