# IN THE COURT OF APPEALS OF IOWA

No. 14-1645
Filed May 25, 2016

**SHAIN MATTHEW MALLOY,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.
_____

Appeal from the Iowa District Court for Woodbury County, Duane E. Hoffmeyer, Judge.

An applicant appeals the court's summary dismissal of his postconviction relief applications. **AFFIRMED.**

Rees Conrad Douglas, Sioux City, for appellant.

Thomas J. Miller, Attorney General, and Mary A. Triick, Assistant Attorney General, for appellee State.

Considered by Vogel, P.J., and Doyle and Bower, JJ.

**VOGEL, Presiding Judge.**

Shain Malloy appeals the district court's summary dismissal of his applications for postconviction relief (PCR). In 1995 Malloy was convicted of extortion following a guilty plea and convicted of burglary following a jury trial. He was also convicted of interference with official acts following a guilty plea in January 2004. In June 2009, Malloy was sentenced in federal court as a "career offender" for participating in a conspiracy to manufacture methamphetamine. Malloy's convictions in 1995 and 2004 were found to be "crimes of violence," resulting in an enhanced sentence for the 2009 conviction under the federal guidelines. *See United States v. Malloy*, 614 F.3d 852, 860 (8th Cir. 2010).

In this proceeding, Malloy claimed his attorneys in the 1995 and 2004 proceedings were ineffective for failing to advise him prior to his guilty pleas of the possible collateral consequence of a future enhanced federal sentence. In addition, with respect to the burglary conviction, Malloy claimed newly discovered evidence of the victim's recantation justifies a new trial. The PCR court rejected these claims, finding they were time barred by the three-year statute of limitations for PCR proceedings. *See* Iowa Code § 822.3 (2013). Specifically, the court concluded, with respect to the first claim, no exception to the three-year bar is applicable because the law has not changed with respect to counsel's duty to inform a defendant of the effect of a conviction on future convictions. *See State v. Christensen*, 201 N.W.2d 457, 459 (Iowa 1972) (noting counsel has no such duty to warn a defendant of the effect a conviction has on future convictions). In addition, the court rejected Malloy's second claim, finding the "newly discovered evidence" Malloy offered was "merely cumulative and impeaching of the victim's

credibility and [was] not likely to result in a different outcome on retrial." *See Adcock v. State*, 528 N.W.2d 645, 647 (Iowa Ct. App. 1994) (outlining what a PCR applicant must prove to prevail on a claim of newly discovered evidence and noting "[a] witness's recantation testimony is looked upon with the utmost suspicion").

On appeal, Malloy raises these claims again. Upon our review for correction of errors at law, *see Lopez-Penaloza v. State*, 804 N.W.2d 537, 540 (Iowa Ct. App. 2011), we agree with the decision of the district court and affirm its dismissal of Malloy's PCR applications without further opinion pursuant to Iowa Court Rule 21.26(1)(d) and (e).

**AFFIRMED.**