# IN THE COURT OF APPEALS OF IOWA

No. 24-0399
Filed August 6, 2025

TYLER QUALICE CHANDLER,
    Applicant-Appellant,

vs.

STATE OF IOWA,
    Respondent-Appellee.
_____

Appeal from the Iowa District Court for Black Hawk County, Richard D. Stochl, Judge.

Tyler Chandler appeals the denial of his application for postconviction relief, challenging the performance of his postconviction-relief counsel. **AFFIRMED.**

John C. Heinicke of Kragnes & Associates, P.C., for appellant.

Brenna Bird, Attorney General, and Timothy M. Hau, Assistant Attorney General, for appellee State.

Considered by Tabor, C.J., Schumacher, J., and Mullins, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2025).

**MULLINS, Senior Judge.**

Tyler Chandler appeals the denial of his application for postconviction relief (PCR). Rather than challenging the merits of the district court's order, he asks us to consider a new issue: whether his PCR counsel provided ineffective assistance by failing to contest "the lack of evidence" supporting his underlying conviction and by "failing to properly argue the sufficiency of newly discovered evidence." Exercising our discretion to reach these claims, we find no ineffective assistance of postconviction counsel and affirm the denial of relief on the merits.

## I.    Background

Chandler was convicted of first-degree robbery after a jury determined he was one of three masked men who entered a Waterloo Burger King, assaulted the employees, and escaped with drawers of cash. The State's case against Chandler was built on circumstantial proof, including a series of incriminating text messages sent from his phone immediately before the robbery. Chandler challenged the sufficiency of the evidence on direct appeal. *See State v. Chandler*, No. 16-1608, 2017 WL 5185431, at *2 (Iowa Ct. App. Nov. 8, 2017). We affirmed, concluding the evidence was sufficient to find Chandler participated in the robbery or aided and abetted its commission. *Id.* at *3. Procedendo issued in January 2018.

In October 2018, Charles Jenkins—who pled guilty to a role in the Burger King robbery—wrote a letter to the Black Hawk County clerk of court alleging Chandler was "wrongly convicted" and "an innocent man." Jenkins had previously implicated Chandler in the robbery when he testified at the trial of another accomplice. But he now asserts that his testimony was "not at all" accurate and that he was "made to say [Chandler] was present" as a condition of his plea

agreement. According to Jenkins, Chandler was sound asleep at a house in Waterloo when Jenkins and his friends took Chandler's phone, traveled to the restaurant, and perpetrated the robbery.

Chandler filed an application for postconviction relief. Among other grounds, he asserted a claim of "newly discovered evidence" based on Jenkins' recantation. The case progressed to an evidentiary hearing in November 2023, where Jenkins' testimony was admitted by deposition. Chandler took the stand to confirm he was asleep during the crime.[1] In a post-hearing brief, Chandler's counsel succinctly argued that Jenkins' account "would have cleared Chandler at trial," but that Chandler had no ability to compel Jenkins' self-incriminating testimony. The district court disagreed, finding Jenkins' recantation of his prior sworn testimony was "not credible" and "not newly discovered evidence that would merit a new trial." Chandler appeals the denial of postconviction relief.

## II.    Analysis

Chandler raises no challenge to the merits of the district court's order denying postconviction relief. Instead, he asks us to consider whether his PCR counsel provided ineffective assistance by "failing to adequately argue and challenge the lack of evidence" supporting Chandler's underlying conviction and by "failing to properly argue the sufficiency of newly discovered evidence" in this case. We review ineffective-assistance claims de novo, guided by the familiar *Strickland* test. *See Lado v. State*, 804 N.W.2d 248, 250 (Iowa 2011) (applying

---

[1] Chandler conceded, however, that he did not know the location of the house where he slept or the name of its owner.

constitutional standards of review even though PCR applicants have "a statutory, not constitutional right to effective assistance of counsel").

The State urges us not to reach Chandler's newly asserted arguments. Although we are prohibited from deciding ineffective assistance claims on direct appeal from criminal proceedings, *see* Iowa Code § 814.7 (2019), we have discretion to do so in the postconviction context, *Goode v. State*, 920 N.W.2d 520, 526 (Iowa 2018) (explaining this exception from normal error preservation rules "serves to achieve a prompt and fair resolution of the claim without the time and expense of a new district court proceeding"). We exercise our review only "when the appellate record is adequate" and "when no prejudice would result to any party." *Goode*, 920 N.W.2d at 526. Because we find those conditions satisfied in this case, we proceed to the merits of Chandler's claims.

First, we reject Chandler's argument that counsel should have done more to contest "the lack of evidence" for his conviction. Chandler challenged the sufficiency of the evidence on direct appeal, and we resolved that claim on the merits. *Chandler*, 2017 WL 5185431, at *2–3. So, any attempt to relitigate the same issue in this PCR case would fail as a matter of law. *See* Iowa Code § 822.8 (stating a "ground finally adjudicated . . . in the proceeding that resulted in the conviction or sentence . . . may not be the basis for a subsequent application"); *Jones v. Scurr*, 316 N.W.2d 905, 911 (Iowa 1982) (finding PCR applicant was barred from raising sufficiency-of-the-evidence challenge previously resolved on direct appeal). Postconviction counsel has no duty to pursue a meritless claim. *Ruiz v. State*, 18 N.W.3d 453, 459 (Iowa 2025); *Nguyen v. State*, 878 N.W.2d 744, 754 (Iowa 2016).

As for Chandler's second contention—that PCR counsel failed "to properly argue the sufficiency of newly discovered evidence"—we question whether this amounts to anything more than a complaint that "counsel should have done a better job." *Dunbar v. State*, 515 N.W.2d 12, 15 (Iowa 1994) (explaining such an allegation is not enough to establish ineffective assistance). There is no dispute that Chandler's attorney presented Jenkins' testimony to the district court, argued it should justify relief under section 822.2(1)(d), and secured a ruling on the merits. Instead, Chandler asserts counsel failed to fully explain the "relevan[ce] and significan[ce]" of Jenkins' testimony. But the problem for Chandler wasn't relevance—it was showing a likelihood that Jenkins' new testimony "would change the result" on retrial. *Jones*, 316 N.W.2d at 910.

Chandler appears to take issue with the limited attention PCR counsel devoted to his newly-discovered-evidence theory as compared to the other grounds Chandler raised in his post-hearing brief. Counsel's "[s]election of the primary theory or theories of defense is a tactical matter" that we rarely second-guess. *Lamasters v. State*, 821 N.W.2d 856, 866 (Iowa 2012); *see also Anfinson v. State*, 758 N.W.2d 496, 501 (Iowa 2008). We fail to see how better advocacy could have impacted the district court's finding that Jenkins' recantation was not credible. *See Jones*, 316 N.W.2d at 910 (affirming denial of postconviction relief based on codefendant's alleged recantation, explaining "the testimony of convicted codefendants is entitled to lessened credibility"); *Adcock v. State*, 528 N.W.2d 645, 648 (Iowa Ct. App. 1994) ("The supreme court has repeatedly held that a witness' recantation testimony is looked upon with the utmost suspicion.").

Because Chandler has failed to show a breach of duty and prejudice on either of his claims, *see Lado*, 804 N.W.2d at 251, we affirm the district court's order denying postconviction relief.

**AFFIRMED.**